**UNITED STATES of America,**
**Appellee,**

v.

**Karl HALLER and Maria Haller,**
**Appellants.**

**No. 339, Docket 28617.**

United States Court of Appeals
Second Circuit.

Argued April 6, 1964.

Decided July 7, 1964.

Charles A. Stillman, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, and Peter Fleming, Jr., Asst. U. S. Atty., New York City, on the brief), for appellee.

George J. Kambur, New Orleans, La. (Donovan, Leisure, Newton & Irvine, New York City, on the brief), for appellants.

Before LUMBARD, Chief Judge and MOORE and SMITH, Circuit Judges.

LUMBARD, Chief Judge.

■ These appeals by Karl and Maria Haller from their convictions in the Southern District of New York for mail fraud, fraud by wire, and conspiracy, 18 U.S.C. §§ 1341, 1343 and 371, and from sentences of one year's imprisonment, raise three questions: (1) whether the proof was sufficient to support the convictions, (2) whether the defendants were denied their right to a speedy trial, and (3) whether the court should have granted a continuance to permit the defense to take the deposition of a foreign witness. We find ample proof to support the jury's verdict. As we find that the delay in trial was almost entirely at the behest of the defendants, and that the trial judge committed no error in refusing to grant a further continuance, we affirm the convictions.

The record contains ample evidence to support the convictions, as the jury could have found the facts to be as we now summarize them: The advertisement which Karl Haller placed in late August 1958 in the Staats Zeitung and Herold, and which solicited private investment of from $5,000 to $10,000 in a business venture, came through the mail to a fellow employee of Walter and Maria Roos. When the Rooses responded by mail the Hallers visited them and explained that Karl Haller wanted to open a candy factory in New York, that they already had

a factory located on the Hudson River, that they were then operating a candy factory in Los Angeles but summer heat and transportation costs made shipments to New York impractical. They gave the Rooses a bag of candy which they said had come from the Los Angeles factory. The Hallers said they needed the money within two days and the Rooses withdrew $4,456 which they had in two savings banks and paid it to the Hallers on September 11, 1958. In return the Rooses received Karl Haller's promissory note and a contract written in German which provided they might withdraw their money after twelve months.

All of these representations and many more were false and known to the Hallers to be false. This was in large part confirmed by Karl Haller, who testified in his own behalf. He said that he did not know what had been done with the money, but that it had been given to his wife, never used for the business in which the Rooses thought they were investing, and never returned. Maria Haller did not testify.

The Hallers' subsequent evasions led the Rooses to complain to the postal inspectors. Finally, on December 8, 1958, when the Hallers appeared in Lindenhurst at an attorney's office to confer with one Cavaglieri with respect to renting, with an option to buy for $50,000, a factory Cavaglieri had used for manufacturing noodles and sauces, they were met by postal inspectors who accompanied them to Manhattan where they were held to answer charges in an indictment which had been filed in the Southern District of New York on November 14.

The Hallers assert that they were denied their right to a speedy trial guaranteed by the Sixth Amendment. While it is true that almost five years elapsed before they were brought to trial, the postponements until June 1963 were had for good reasons and without objection on the part of the defendants, who at all times were enlarged on bail and, with the exception of a period of four months, were represented by counsel. It was only on June 17, 1963 when Judge Murphy set the case for trial on September 30 that Maria Haller moved for dismissal because she had not been granted a speedy trial.

■ In January 1959 motions had been made to dismiss the indictment which attacked the conspiracy count on the ground that husband and wife could not be co-conspirators. Decision was held in abeyance by Judge Bryan because the question was before the United States Supreme Court and he promptly denied the motion in July 1960 on the authority of United States v. Dege, 364 U.S. 51, 80 S.Ct. 1589, 4 L.Ed.2d 1563, decided June 27, 1960. Restored to the calendar in April 1961, the case was adjourned by consent five times until September 1961 when the defendants' counsel withdrew and several additional adjournments followed to permit the defendants to retain new counsel. One or both defendants failed to appear on one or more occasions and the court issued bench warrants for them. In January 1962, after bail had again been fixed for Karl Haller, the case was once more marked off the calendar and it was not restored until June 1963 when Judge Murphy denied the motion to dismiss for failure to prosecute, citing United States v. Lustman, 2 Cir., 258 F.2d 475, cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958). Having been content to let the charges stand untried for almost five years, the defendants cannot now complain of prejudice because of the delay when it is altogether clear that they sought and welcomed the delay on the chance that they might never be brought to trial.

■ Nor was it error for Judge Murphy to refuse a continuance of the trial, sought by defense counsel on the morning of the day set for trial, in order to take the deposition of Cavaglieri, who had gone to Italy sometime in 1962. The defendants knew on June 17 that the trial would commence on September 30, ample time to secure the deposition. They had been represented by various counsel during the preceding years and they had as counsel in June 1963 the same counsel

who represented them at trial. In any event their failure to procure Cavaglieri's deposition could not have prejudiced them as there was no issue as to anything concerning which he could have given testimony, namely, that the Hallers from some time in November 1958 had been in touch with him regarding his factory in Lindenhurst and that they went to a lawyer's office on December 8, 1958 to discuss the rental of the premises.

The other claims of error with respect to the charge and the admission of evidence are entirely without substance and merit no discussion.

The judgments of conviction are affirmed.