**UNITED STATES of America,**
**Respondent-Appellee,**

v.

**Edward Allen MOODY, Petitioner-**
**Appellant.**

**No. 24646.**

United States Court of Appeals,
Ninth Circuit.

Aug. 27, 1970.

William J. Zumwalt, San Diego, Cal., for petitioner-appellant.

Harry D. Steward, U. S. Atty., Raymond F. Zvetina, Asst. U. S. Atty., San Diego, Cal., for respondent-appellee.

Before KOELSCH and DUNIWAY, Circuit Judges, and CRARY,* District Judge.

PER CURIAM:

Moody pled guilty to violating 18 U.S. C. § 2312 (transportation in foreign commerce of a stolen motor vehicle) and was sentenced to an indeterminate term of up to six years under the Youth Correction Act (18 U.S.C. § 5010(b)). Moody's only contention on this appeal from an order denying his petition under 28 U.S.C. § 2255 is that his guilty plea was invalid because the trial court failed to advise him that he was subject to the provisions of the Youth Correction Act. We affirm.

When Moody decided to plead guilty the following colloquy occurred:

"The Court: Mr. Moody, how do you now wish to plead in the indictment?

* Honorable E. Avery Crary, United States District Judge, Central District of California, sitting by designation.

Defendant Moody: Guilty.

The Court: How old are you?

Defendant Moody: Twenty-six.

The Court: Mr. Moody, do you realize that you could be sent to prison for a period of five years for this offense?

Defendant Moody: Yes, sir.

The Court: Has anyone told you that if you pleaded 'guilty' you would secure a lighter sentence than the five years?

Defendant Moody: No, sir.

The Court: Is this plea now on your part voluntary?

Defendant Moody: Yes, sir.

The Court: No one has persuaded you or talked you into pleading 'guilty'?

Defendant Moody: No, sir.

The Court: Has anyone threatened you in any manner?

Defendant Moody: No, sir."

At the subsequent sentencing hearing the trial court, at that time aware of Moody's true age, twenty-five, sentenced him under the Youth Correction Act. Moody's true age was listed in the presentence report. It was the regular practice of the trial court to advise defendants who were under twenty-six of the provisions of the Youth Correction Act, and here the court quite reasonably assumed that Moody had been given advice when he pled guilty. Several weeks elapsed between Moody's plea of guilty and his sentencing hearing. The trial court cannot be expected to remember the details of each guilty plea.

We note that at the time Moody was sentenced neither he nor his attorney made any mention of the fact that they had not been advised of the possibility of a sentence under the Youth Correction Act, or of the fact that Moody had misstated his age when he entered his plea. In fact Moody does not now allege that he was unaware of the provisions of that Act when he pled guilty.

This court has held that a guilty plea entered without knowledge of the full range of sentences possible under the Youth Correction Act can be withdrawn, Freeman v. United States, 9 Cir., 1965, 350 F.2d 940, when sentence under that Act may exceed the sentence prescribed for an adult. We will not, however, extend the rule to cover cases where the only reason that the defendant was not so informed was because he deceived the trial court by misstating his age. Appellant, who had the advice of counsel, will not be rewarded for inviting error. Cf. United States v. White, 4 Cir., 1967, 377 F.2d 908; United States v. Haller, 2 Cir., 1964, 333 F.2d 827.

Affirmed.