**UNITED STATES of America,**
**Appellee,**

v.

**Jack A. LUSTMAN, Defendant-Appellant.**
**No. 7, Docket 24223.**

United States Court of Appeals
Second Circuit.

Argued Oct. 16–17, 1957.

Decided July 30, 1958.

Certiorari Denied Nov. 10, 1958.

See 79 S.Ct. 118.

Gustave B. Garfield, New York City, for defendant-appellant.

Paul W. Williams, U. S. Atty., S. D. New York, New York City (William K. Zinke, Maurice N. Nessen, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before MEDINA, HINCKS and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

The Sixth Amendment to the United States Constitution states: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * * *". The sole question raised by appellant, who was convicted of mail fraud after a jury trial held more than five years after the date of indictment, is whether this constitutional guarantee was denied him.

The indictment was filed in the United States District Court for the Southern District of New York on August 29, 1951. In this indictment appellant was charged in five counts with having devised a scheme to defraud various persons from June 11, 1947 through March 1949 by using the mails. It was alleged that as a result of this scheme goods and merchandise were sent to appellant and services were performed for him for which he failed to pay.

During the months immediately following the indictment appellant's attorney, who has represented him throughout the case, addressed various preliminary motions to the indictment. This stage of the case was concluded on December 3, 1951 when appellant appeared in the district court and pleaded not guilty to the charges contained in the indictment. Then followed during December 1951 and January 1952 an exchange of correspondence between appellant's attorney and the United States Attorney's office.

In this correspondence, which was initiated by defense counsel, two matters were brought to the attention of the United States Attorney's office: Appellant's mental condition during the period covered by the indictment; and information tending to show that others might have been responsible, at least in part, for the crimes with which appellant was charged. With respect to the first matter, it was stated that appellant was a shell-shocked war veteran, that he had been under psychiatric treatment prior to early 1949, and that at that time he had been admitted to the United States Veterans' Hospital at Lebanon, Pennsylvania, where he had been given shock therapy. The United States Attorney's office advised appellant's attorney that this information would be investigated, and thereafter sought substantiation from appellant. However, appellant refused to permit a psychiatrist, who allegedly had treated him, to disclose his records, and also refused to submit to psychiatric observation by the Government.

The second matter raised by appellant was an offer to prove through the report of a handwriting expert that others were responsible, in part, for the crimes charged. On January 21, 1952 defense counsel sent such a report along with related papers to the United States Attorney's office and indicated his availability to discuss the matter after "you have had an opportunity to examine the enclosed papers."

The purpose of this correspondence is clear. Defense counsel quite properly was attempting to persuade the United States Attorney to make further investigations and to give further consideration to the case in the hope that it would be dropped. These objectives met with only partial success. The United States Attorney's office was sufficiently moved by the information supplied by appellant so that it did not bring the case to an immediate trial. On the other hand, it was not moved to ask the district court to dismiss the indictment. The net result was a prolonged delay.

During the four-year period from January 1952 until January 1956 no further action was taken. This long period of drift was ended in January 1956 when the United States Attorney's office notified appellant's attorney that the case would be placed on the criminal calendar

for trial. Some three months later appellant moved to dismiss the indictment because of the Government's delay in bringing the case to trial. The hearing on this motion was adjourned on consent for two months so that appellant could consider whether to agree to undergo psychiatric observation. On July 18, 1956, Judge Dimock denied this motion in a written opinion, ruling that because of appellant's failure to move for a trial he "waived any rights to a trial earlier than that which can now be afforded." Appellant sought immediate review of this interlocutory order in this court on the ground that the motion to dismiss contained a clause seeking injunctive relief against the United States Attorney from further prosecution of the case. After the application had been denied by Judge Medina, and a further application for convening a special court to consider the appeal had been denied on behalf of this court by Chief Judge Clark in a written opinion, appellant petitioned the Supreme Court for a writ of mandamus directing us to convene a special court to entertain the appeal. This petition was denied.

Meanwhile, defense counsel and the United States Attorney's office resumed discussion of appellant's mental condition during the period covered by the indictment. On June 21, 1956, appellant refused for the second time to submit to psychiatric observation, and, in response to a Government request for an affidavit from a psychiatrist who had treated him, furnished the name of a supposed psychiatrist who "unfortunately" had died the previous November. When defense counsel was informed that government investigation had failed to discover the existence of this psychiatrist at the address given, a different and "correct" name of a dead psychiatrist was submitted. Although defense counsel stated that the records of this psychiatrist were available, they were never produced by appellant.

In November 1956 the case finally reached trial. Appellant was convicted by a jury on four of the five counts and sentenced to a fine of $750 and concurrent three-year terms of imprisonment. The sentences of imprisonment were suspended and appellant was placed on probation for eighteen months. On November 13, 1956, Judge Levet denied appellant's motion in arrest of judgment, which was predicated on the claim that appellant was denied the right to a speedy trial guaranteed by the Sixth Amendment to the United States Constitution. This appeal followed.

 In this case there was a delay of over five years from the time of indictment until the commencement of the trial. Of this period, however, it is clear that nearly a year and a half was caused by the appellant's motions. From August 1951 until January 1952, appellant was seeking to avoid a trial by addressing various motions to the indictment and by submitting certain information for the consideration of the United States Attorney. After the case was reactivated in January 1956, appellant again attempted to prevent a trial, both by objecting to the delay and by further discussions with the United States Attorney's office with respect to his mental condition during the period covered by the indictment. These delays are attributable primarily to appellant and cannot be considered in determining whether or not his right to speedy trial has been violated. The Sixth Amendment prohibits only an unreasonable delay and a defendant cannot exploit a delay which is attributable primarily to his own acts or to which he has consented. Pollard v. United States, 1957, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393; United States v. Provoo, 1955, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761, affirming D.C.D.Md. 1955, 17 F.R.D. 183; Chinn v. United States, 4 Cir., 1955, 228 F.2d 151.

 This leaves a period of approximately four years during which nothing was done to bring the case to trial. This was an undue delay. The Government argues that appellant has not made a convincing demonstration that the delay prejudiced him in the presentation of his case and, although we agree, we think

that a showing of prejudice is not required when a criminal defendant is asserting a constitutional right under the Sixth Amendment. Taylor v. United States, 1956, 98 U.S.App.D.C. 183, 238 F.2d 259; United States v. Provoo, D.C. D.Md.1955, 17 F.R.D. 183, 203, affirmed 1955, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761.

Thus we assume that the unexcused delay of approximately four years was an undue delay within the meaning of the Sixth Amendment even though appellant has not shown that it prejudiced him in the presentation of his defense.

We therefore turn to the crucial issue on this appeal—whether appellant can complain of the Government's delay in bringing his case to trial when he failed to demand an early trial from the court. A majority of the states have adopted a rule requiring the defendant to demand trial or resist postponement. E. g., State v. Smith, 1952, 10 N.J. 84, 89 A.2d 404; State v. Sawyer, 1954, 266 Wis. 494, 63 N.W.2d 749. A minority, however, require the defendant only to move to dismiss prior to trial. E. g., People v. Prosser, 1955, 309 N.Y. 353, 130 N.E.2d 891; Flanary v. Commonwealth, 1945, 184 Va. 204, 35 S.E.2d 135. Judge Fuld's well-reasoned opinion in People v. Prosser, supra, explicates the reasons for placing the duty of procuring a prompt trial upon the state rather than upon the defendant, reasons which we might consider weighty if the contrary rule were not settled doctrine in the federal courts.

■ The federal decisions, however, clearly establish that the right to a speedy trial is the defendant's personal right and is deemed waived if not promptly asserted. United States v. Kaye, 2 Cir., 1958, 251 F.2d 87, certiorari denied 1958, 356 U.S. 919, 78 S.Ct. 702, 2 L.Ed.2d 714; Collins v. United States, 9 Cir., 1946, 157 F.2d 409; Bayless v. United States, 8 Cir., 1945, 147 F.2d 169, reversed on other grounds 1945, 150 F.2d 236; Pietch v. United States, 10 Cir., 1940, 110 F.2d 817, 129 A.L.R. 563, cer-

tiorari denied 1940, 310 U.S. 648, 60 S.Ct. 1100, 84 L.Ed. 1414; Worthington v. United States, 7 Cir., 1924, 1 F.2d 154, certiorari denied 1924, 266 U.S. 626, 45 S.Ct. 125, 69 L.Ed. 475; United States v. Research Foundation, D.C.S.D. N.Y.1957, 155 F.Supp. 650; United States v. Stein, D.C.S.D.N.Y.1955, 18 F.R.D. 17; United States v. Provoo, D.C. D.Md.1955, 17 F.R.D. 183, 198, affirmed 1955, 350 U.S. 857, 76 S.Ct. 101, 100 L. Ed. 761. The requirement of a demand, leading to a trial on the merits when the defendant has not complained of the delay, "stresses that the right to a speedy trial is not designed as a sword for defendant's escape, but rather as a shield for his protection." Note, The Right to a Speedy Criminal Trial, 57 Col.L.Rev. 846, 853 (1957). Suggested exceptions to this rule, such as that the defendant did not know of the pending charge, Taylor v. United States, supra, that the delay was caused by trial in a district court of improper venue, United States v. Provoo, supra, and that the defendant because of imprisonment, ignorance, or lack of legal advice was not in a position to claim his right, United States v. Chase, D.C.N.D. Ill.1955, 135 F.Supp. 230, are inapplicable in this case.

■ Appellant urges that an alleged conversation which his attorney had with an assistant United States Attorney sometime in 1952, in which his attorney demanded a prompt trial, is sufficient to satisfy the requirement of a demand. We think it clear that a request addressed to the prosecutor is not sufficient, and, although we have not found any federal decisions directly in point, the state decisions in those states following the demand rule so hold. See, e. g., State v. Smith, 1952, 10 N.J. 84, 89 A.2d 404; Hutson v. State, 1941, 72 Okl.Crim. 61, 112 P.2d 1109; State v. Sawyer, 1953, 263 Wis. 218, 56 N.W.2d 811.

It follows that appellant, since he did not properly assert his constitutional right, may not now attack the judgment of conviction.

Affirmed.