**UNITED STATES of America,**

v.

**George J. BROWN, Defendant.**

United States District Court
S. D. New York.

Nov. 10, 1960.

---

1. 33 U.S.C.A. § 901 et seq.

2. 33 U.S.C.A. § 902(10).

S. Hazard Gillespie, Jr., U. S. Atty., by David R. Hyde, Asst. U. S. Atty., New York City, for plaintiff.

Alfred J. Ranieri, Brooklyn, N. Y., for defendant.

WEINFELD, District Judge.

Upon the defendant's own statement, it appears that he consulted an attorney prior to his appearance before the grand jury; that both were apprised of the proposed presentation of the matter to the grand jury; that they appeared at the office of the United States Attorney, where defendant was advised of his constitutional rights; that the defendant then expressed the desire to appear before the grand jury.

The minutes of the grand jury indicate that the defendant confirmed that his appearance was voluntary. He was there specifically advised of his right to refuse to answer incriminating questions and informed that his testimony could be used against him. At each of two subsequent appearances he was again advised of his right not to testify, but he reiterated his purpose to do so.

In the light of this record, his claim of deprivation of his right to counsel and invasion of his privilege against self-incrimination is not only without factual substance, but is frivolous.[1] The fact that he failed to persuade the grand jury to return a "No True Bill" hardly justifies any claim that his constitutional rights were violated.

---

1. Cf. United States v. Cleary, 2 Cir., 265 F.2d 459, certiorari denied 1959, 360 U.S. 936, 79 S.Ct. 1458, 3 L.Ed.2d 1548.

■ The further contention that the indictment should be dismissed because incompetent and illegal evidence was received by the grand jury, is equally without merit. The claim rests "upon information and belief." Not only is this insufficient,[2] but the Supreme Court has resolutely rejected attacks upon indictments, dismissal of which were sought on the ground that they were the result of incompetent evidence before the grand jury.[3]

■ The defendant, however, raises an issue of substance based upon a thirty-month delay from his arraignment on a complaint before a United States Commissioner until his indictment. The United States Attorney contends that the thirty-month delay is not per se ground for dismissal of the indictment, and further that the defendant, by failure to move to dismiss the complaint because of delay in presenting the matter to a grand jury,[4] has, in effect, waived his right to a dismissal of the indictment on the ground that he has been denied a speedy trial under the sixth amendment.[5] While there is respectable authority[6] to support this position, this Court is not prepared to accept its implication that a constitutional right may be forfeited by inaction rather than by affirmative and intentional waiver or relinquishment.[7] The constant rule adhered to by the Supreme Court requires that courts must "indulge every reasonable presumption against waiver of fundamental constitutional rights."[8] However, the issue posed need not be considered here, since, upon the facts, there was no unnecessary delay. The lag between arraignment before the United States Commissioner and indictment was due to an investigation necessitated by the defendant's attempt to exculpate himself from criminal responsibility. The defendant, at or about the time of his arraignment, sought to place an innocent light upon his activities. He implicated an individual who was not located until several years later and, when finally interrogated, cast doubt upon the defendant's purported self-exoneration. The matter was then promptly presented to the grand jury and the defendant was indicted.

Under all the circumstances, the defendant is not in a position to claim that there was unnecessary delay in presenting the charge to the grand jury.

The motion is denied.

2. See United States v. Costello, 2 Cir., 1955, 221 F.2d 668, 676–677, affirmed 1956, 350 U.S. 359, 76 S.Ct. 406, 100 L. Ed. 397.

3. Lawn v. United States, 1958, 355 U.S. 339, 349, 78 S.Ct. 311, 2 L.Ed.2d 321; Costello v. United States, 1956, 350 U.S. 359, 76 S.Ct. 406.

4. "If there is unnecessary delay in presenting the charge to a grand jury or in filing an information against a defendant who has been held to answer to the district court, or if there is unnecessary delay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint." Fed.R.Crim.P. 48(b), 18 U.S.C.A.

5. "In all criminal prosecutions, the accused shall enjoy the right to a speedy * * * trial * * *." U.S.Const. amend. VI.

6. See United States v. Fassoulis, D.C.S. D.N.Y.1959, 179 F.Supp. 645. Cf. United States v. Lustman, 2 Cir., 258 F.2d 475, certiorari denied, 1958, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109.

7. See United States v. Dillon, D.C.S.D.N. Y.1960, 183 F.Supp. 541. Cf. Von Moltke v. Gillies, 1948, 332 U.S. 708, 723–724, 68 S.Ct. 316, 92 L.Ed. 309; Glasser v. United States, 1942, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680; Johnson v. Zerbst, 1938, 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L.Ed. 1461; People v. Prosser, 1955, 309 N.Y. 353, 130 N.E. 2d 891, 57 A.L.R.2d 295.

8. Emspak v. United States, 1955, 349 U.S. 190, 198, 75 S.Ct. 687, 692, 99 L.Ed. 997.