**UNITED STATES of America,**
**Appellee,**

v.

**John VAN ALLEN, Defendant-Appellant.**

**No. 289, Docket 26596.**

United States Court of Appeals
Second Circuit.

Argued March 6, 1961.

Decided March 31, 1961.

Bruno Schachner, New York City, for defendant-appellant.

Morton S. Robson, U. S. Atty., Southern District of New York, New York City (Gideon Cashman, George I. Gordon, Asst. U. S. Attys., New York City, of counsel), for appellee.

Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM.

Appellant, John Van Allen, was indicted in the United States District Court for the Southern District of New York for wilfully and knowingly attempting to defeat and evade a large portion of the income tax due and owing by him to the United States for the calendar year 1946. The one-count indictment charged that on or about March 15, 1947, the defendant caused a false and fraudulent income tax return to be filed in violation of Section 145(b) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 145(b), The indictment was filed on March 13, 1953, just before the statute of limitations would bar a prosecution. On March 3, 1954 the case was marked off the trial calendar. Six years later, on September 10, 1959, it was restored. Thereafter, defendant, relying on the Sixth Amendment, on February 9, 1960 moved, pursuant to Rule 48(b) of the Federal Rules of Criminal Procedure, 18 U.S.C.A., for an order dismissing the Government's case for its failure to prosecute. This motion was denied on February 19, 1960. In due course, on September 1, 1960, trial commenced before Judge Murphy, as trier of the facts, the defendant having waived his right to a trial by jury. Appellant was found guilty.

On the appeal the appellant makes no claim of error in the conduct of the trial or of lack of evidence to support the decision of the trial judge. He contends that the delay of seven and one half years between the filing of the indictment and the trial deprived him of his Sixth Amendment right to a speedy trial, and that therefore the court below erred when it denied the motion to dismiss the indictment. He claims further aggravation because of the six year delay between the commission of the unlawful acts and the filing of the indictment, but his own conduct was largely responsible for this. Moreover, appellant concedes that at no time subsequent to the indictment did he demand any earlier trial; and we held in United States v. Lustman, 2 Cir., 258 F.2d 475, certiorari denied 1958, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109, that an accused who failed to make such a demand waived his constitutional right and

could not later assert it in attacking his conviction. We find nothing in this case to distinguish it from U. S. v. Lustman, *supra,* and affirm the conviction below.

Affirmed.