**UNITED STATES of America,**

v.

**Milton COHEN, Sidney J. Brockman, David H. Lewis and Mellyn Mills, Inc., Defendants.**

United States District Court
S. D. New York.

Feb. 5, 1965.

Robert M. Morgenthau, U. S. Atty., for the S. D. of New York for the United States. Richard A. Givens, Asst. U. S. Atty., of counsel.

Field, Florea, O'Rourke & Schaeffer, New York City, for defendants. Sidney A. Florea, New York City, of counsel.

MISHLER, District Judge.

Defendants are charged with mail fraud in violation of 18 U.S.C. § 1341.[1] The single-count indictment states that defendants fraudulently obtained raw textile material, through a device, scheme and artifice, by causing a statement of the financial condition of Mellyn Mills, Inc. as of November 30, 1956, containing false and fraudulent statements and misrepresentations, to be placed in an authorized depository for mail matter for delivery by the Post Office Department to National Credit Office, Inc., Box 202 Murray Hill Station, New York 16, N. Y.

At the opening of the trial, defendants moved to dismiss the indictment pursuant to Rule 48(b) of the Rules of Criminal Procedure,[2] relying on a claimed vio-

---

1. 18 U.S.C. § 1341 states in part as follows:

"Whoever, having devised * * * any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises * * * for the purpose of executing such scheme or artifice * * * places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Post Office Department * * * or knowingly causes to be delivered by mail according to the direction thereon * * *."

2. Rule 48(b) of the Federal Rules of Criminal Procedure provides:

"Dismissal

"(b) By Court. If there is unnecessary delay in presenting the charge to a grand jury or in filing an informa-

lation of defendants' right to a speedy trial under the Sixth Amendment.

Decision was reserved until completion of the trial, so that the Court might determine how the delay affected defendants' constitutional right to a fair trial.

The indictment was filed on January 8, 1960, and the trial commenced on January 19, 1965. Defendants concede that no demand for a trial was made. Defendants argue that the constitutional right is not waived by failure to demand a speedy trial, citing United States v. Dillon, 1960, S.D.N.Y., 183 F.Supp. 541 (Weinfeld, D. J.). There the Court found that the delay, occasioned by the prosecutor's failure to proceed, prejudiced the defendants' right to a fair trial (p. 544). It is also significant that the Court noted, the defendants appeared and were ready for trial, but that trial was repeatedly postponed at the Government's request (p. 543).

In United States v. Lustman, 1958, 2d Cir., 258 F.2d 475, 478, cert. denied, 1958, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed. 2d 109, the Court of Appeals of this Circuit said " * * * the right to a speedy trial is the defendant's personal right and is deemed waived if not promptly asserted. [cases cited.]" The principle was restated in United States v. Kaufman, 1963, 2d Cir., 311 F.2d 695, 698; United States v. Van Allen, 1961, 2d Cir., 288 F.2d 825.

■■ The motion is also directed to the discretionary authority of the Court to dismiss the indictment for unnecessary delay. 4 Barron, Federal Practice and Procedure (1951) § 2532, p. 427. The affidavits in support of the motion show the embarrassment of defendants in facing an eight-year-old charge, and possible loss of present business opportunities. The affidavits fail to disclose any prejudice by reason of the delay. Nor has the trial disclosed any prejudice

tion against a defendant who has been held to answer to the district court, or if there is unnecessary de-

occasioned by the failure to prosecute. See United States v. Research Foundaion, 1957, S.D.N.Y., 155 F.Supp. 650. Defendants have failed to show that the lapse of five years between indictment and trial was an "unnecessary delay."

The motion is denied.

lay in bringing a defendant to trial, the court may dismiss the indictment, information or complaint."