**UNITED STATES of America,**

v.

**Mayer ALGRANATI, Defendant.**

United States District Court
S. D. New York.
March 1, 1965.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, New York City, for the United States; Thomas J. Cahill, Asst. U. S. Atty., of counsel.

Robert Layton, New York City, for defendant.

WEINFELD, District Judge.

The defendant moves to dismiss a five year old indictment on the ground that he has been deprived of his right to a speedy trial under the Sixth Amendment and Rule 48(b) of the Federal Rules of Criminal Procedure.

The indictment, returned on March 25, 1960, charged the defendant with perjury before the Securities and Exchange Commission in March 1959. On March 31, 1960, represented by privately retained counsel, he entered a not guilty plea. His case was then marked off the trial calendar, evidently upon an understanding that defendant would cooperate with the prosecution by appearing as a Government witness in other cases against persons charged with securities violations. These other cases were com-

pleted by November 2, 1962, but the defendant was not called to testify. No action was taken by the Government to bring this case to trial until early November 1964 when, after a few weeks effort, it succeeded in locating the defendant and moved to restore the case for trial. It was then learned that his original attorney had died in August 1961. The Court thereupon assigned counsel to represent defendant, who, with commendable speed, made the present motion.

Although the Government attributes the initial delay to its expectation that defendant would be called as a prosecution witness, there is upon this record no explanation for the two-year delay from the termination of those prosecutions in November 1962 to October 1964, when the Government first moved to restore the case to the trial calendar. Nonetheless the Government urges that the defendant, by failure to press for prompt trial, acquiesced in the delay and thereby waived his rights.

While the Court has been of the view that regardless of a defendant's inaction the Government is under a positive duty to move a criminal case promptly to afford him his constitutional right to a speedy trial,[1] the Government's position finds full support in United States v. Lustman[2] and other cases in this Circuit.[3] In Lustman, despite an "unexcused delay of approximately four years," our Court of Appeals denied a motion to dismiss for failure promptly to assert the constitutional right. While there may be exceptions to the Lustman rule,[4] the instant case does not come within these. The charges were pending against the defendant since March 1960. It is quite clear that up to the time that the cases in which it was anticipated he would act as a Government witness were disposed of (November 1962), he acquiesced in the delay, undoubtedly in the hope that eventually the charges against him would be dropped. However, once those cases were out of the way, any reason for not pressing for trial or for a disposition of his matter was eliminated. The fact that his attorney had died in August 1961 does not provide an escape from Lustman; it was the defendant's duty to retain new counsel or seek the appointment of one by the Court. The delay in not having counsel, who might have pressed for trial, cannot be attributed to the prosecution, which was unaware of the death of defendant's counsel until it sought to move the case for trial. Nor is his failure to make timely demand for trial cured by the onset of his cardiac and diabetic condition.

Accordingly, consonant with the Lustman rule, the motion to dismiss the indictment for deprivation of Sixth Amend-

---

1. In United States v. Dillon, 183 F.Supp. 541, 543 (S.D.N.Y.1960), this Court held that it was not "the duty of a defendant to press that he be prosecuted upon an indictment under penalty of waiving his right to a speedy trial if he fails to do so." See also, United States v. Brown, 188 F.Supp. 624, 626 (S.D.N.Y.1960); People v. Prosser, 309 N.Y. 353, 130 N.E. 2d 891, 57 A.L.R.2d 295 (1955). This Court believes that the foregoing view is compelled by the nature of the waiver doctrine enunciated in the Supreme Court. See Henry v. State of Mississippi, 379 U.S. 443, 85 S.Ct. 564, 13 L.Ed. 2d 408 (1965); Carnley v. Cochran, 369 U.S. 506, 513–517, 82 S.Ct. 884, 8 L.Ed. 2d 70 (1962); Glasser v. United States, 315 U.S. 60, 70, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).

2. 258 F.2d 475, 478 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958).

3. United States v. Haller, 333 F.2d 827 (2d Cir.), cert. denied, 379 U.S. 921, 85 S.Ct. 276, 13 L.Ed.2d 334 (1964); United States v. Wai Lau, 329 F.2d 310 (2d Cir.), cert. denied, 379 U.S. 856, 85 S.Ct. 108, 13 L.Ed.2d 59 (1964); United States v. Kaufman, 311 F.2d 695 (2d Cir. 1963); United States v. Van Allen, 288 F.2d 825 (2d Cir.), cert. denied, 368 U.S. 836, 82 S.Ct. 31, 7 L.Ed.2d 37 (1961). Cf. United States ex rel. Von Cseh v. Fay, 313 F.2d 620, 623 (2d Cir. 1963).

4. See Lustman, 258 F.2d at 478; United States v. Dillon, 183 F.Supp. 541 (S.D. N.Y.1960); United States v. Chase, 135 F.Supp. 230 (N.D.Ill.1955).

ment, as well as Rule 48(b), rights is denied, but without prejudice to renewal before the Trial Court, should the trial itself develop that in fact prejudice has resulted from the lapse of time so as to preclude a fair trial.[5]

The defendant's other motions, to the extent to which they are not consented to, are granted. The original notes of testimony are evidential, and upon a trial the Government would be required to produce them. A defendant has a right to compare the original notes with the claimed accurate transcription. It will save trial time to permit their inspection now.

5. See United States v. Hunter Pharmacy, Inc., 213 F.Supp. 323 (S.D.N.Y.1963); United States v. Dillon, 183 F.Supp. 541 (S.D.N.Y.1960). See also, United States v. Gilbar Pharmacy, Inc., 221 F.Supp. 160, 162 (S.D.N.Y.1963).