**UNITED STATES of America,**

v.

**Frank DELMAN and Michael Gaines, Defendants.**

No. 65 Cr. 1109.

United States District Court
S. D. New York.

April 1, 1966.

Robert H. Morgenthau, U. S. Atty., for Southern District of New York, New York City, for United States of America; Roger Goldburg, Asst. U. S. Atty., of counsel.

Bass & Friend, New York City, for defendants; Solomon H. Friend, New York City, of counsel.

Broder, Feinberg & Charles, New York City, co-counsel for defendants; Gerald D. Broder, New York City, of counsel.

WEINFELD, District Judge.

However much one may deplore the situation here presented[1] —nearly fifty adjournments of a preliminary hearing on a complaint before the United States Commissioner extending over a period of more than four years until the indictment was returned—the defense must share with the prosecution the responsibility for these excessive postponements. The government's attempt to justify the four-year delay as not unreasonable or unnecessary because of the alleged need for continued and extensive investigation in this ordinary conspiracy charge of knowingly possessing stolen goods moving in interstate commerce, is as unpersuasive as is defense counsel's statement that had a preliminary hearing been granted, his clients "might well have testified in their own behalf on the issue of probable cause."

Following the arrest of the defendants under the complaint, they were arraigned pursuant to Rule 5 of the Federal Rules of Criminal Procedure before the United States Commissioner, and the preliminary hearing with the consent of defense counsel was set for October 19, 1961. While there appears to be a dispute as to the reason for this first postponement,[2] thereafter the preliminary hearing was adjourned on approximately fifty occasions until December 22, 1965, when the complaint was dismissed by reason of the return of the indictment by the grand jury on December 13, 1965.

 The defendants, represented at their initial appearance before the United States Commissioner by counsel who, as already noted, consented to the postponement to October 19, 1961, took no steps of

---

1. See United States v. Cowan, 37 F.R.D. 215, 217 (S.D.N.Y.1965). See also United States v. Universita, 192 F.Supp. 154, 156 (S.D.N.Y.1961).

2. The statement of the defense attorney that he consented to the adjournment because he was informed by the Assistant United States Attorney the matter would be presented to the grand jury within a few days and prior to the scheduled preliminary hearing on October 19, 1961 brings into question whether in fact the defendants desired a hearing before the Commissioner, as they now assert.

any kind to obtain a hearing, to oppose the continuances or to dismiss the complaint; in fact, after their appearance before the Commissioner, they never showed up—they simply paid no attention to the matter until the return of the indictment. In the circumstances it is abundantly clear that the defendants, who had been released on their own recognizance, were satisfied "to let the * * * matter rest and * * * acquiesced in the continuances."[3]

Absent affirmative action by the defendants, represented at all times by counsel, there is no basis, so long as *Lustman*[4] remains as controlling authority in this circuit, for granting the motion now made to dismiss the indictment for alleged violation of their constitutional right to a speedy trial under the Sixth Amendment, or for unnecessary delay in presenting the charge to the grand jury under Rule 48 of the Federal Rules of Criminal Procedure.[5]

However, applying the *Lustman* doctrine of waiver based upon nonaction of a defendant does not end the matter.[6] The inordinate delay between the filing of the complaint and the indictment may have been prejudicial to the defendants. The defendants do assert that the four-year delay in presenting the matter to the grand jury has prejudiced them; that the death of a codefendant now forecloses exculpatory evidence from him; they allege loss of material records and dimming of recollections—their own and those of potential witnesses. Under the circumstances the motion to dismiss the indictment is denied, but without prejudice to renewal upon the trial, where a more realistic appraisal may be made of all the circumstances to determine whether the long delay from the filing of the complaint to the return of the indictment has been so prejudicial as to deprive defendants of a fair trial.[7]

3. United States v. Cowan, 37 F.R.D. 215, 218 (S.D.N.Y.1965).

4. United States v. Lustman, 258 F.2d 475 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958). Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L.Ed.2d 964 (1965), so heavily relied upon by defendants, is plainly inapposite here. The court's opinion in Blue rested upon the noneffectiveness of an alleged waiver of preliminary hearing by a 17 year old defendant for whom the Commissioner had failed to appoint counsel or to advise him of his right thereto. In the instant case, defendants were represented by counsel, and under the *Lustman* doctrine waived preliminary hearing. Thus there is no occasion to reach the issue of whether a defendant has a constitutional right to such a hearing. See generally Goldsby v. United States, 160 U.S. 70, 73, 16 S.Ct. 216, 40 L.Ed. 343 (1895); Dillard v. Bomar, 342 F.2d 789, 790 (6th Cir.), cert. denied, 382 U.S. 883, 86 S.Ct. 176, 15 L.Ed.2d 123 (1965); Odell v. Burke, 281 F.2d 782, 786 (7th Cir.), cert. denied, 364 U.S. 875, 81 S.Ct. 119, 5 L.Ed.2d 96 (1960); Barrett v. United States, 270 F.2d 772, 775 (8th Cir. 1959); McDonald v. Hudspeth, 129 F.2d 196, 199 (10th Cir.), cert. denied, 317 U.S. 665, 63 S.Ct. 75, 87 L.Ed. 535 (1942); United States ex rel. Boone v. Fay, 231 F.Supp. 387, 391 (S.D.N.Y.1964), cert. denied, 380 U.S. 936, 85 S.Ct. 945, 13 L.Ed.2d 823 (1965).

5. See United States v. Algranati, 239 F.Supp. 116, 117 (S.D.N.Y.1965); United States v. Brown, 188 F.Supp. 624, 626 (S.D.N.Y.1960). Compare United States v. Dillon, 183 F.Supp. 541, 543 (S.D.N.Y. 1960).

6. See United States v. Simmons, 338 F.2d 804, 807 (2d Cir. 1964), cert. denied, 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276 (1965), where the Court of Appeals noted: " '[f]our factors are relevant to a consideration of whether denial of a speedy trial assumes due process [or Sixth Amendment] proportions: the length of delay, the reason for the delay, the prejudice to defendant, and waiver by the defendant. * * *' United States ex rel. Von Cseh v. Fay, supra, 313 F.2d at 623."

7. Cf. United States v. Algranati, 239 F.Supp. 116, 117–118 (S.D.N.Y.1965); United States v. Hunter Pharmacy, Inc., 213 F.Supp. 323, 324–325 (S.D.N.Y. 1963).