**Richard Bryers CARROLL, Defendant, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 7040.**

United States Court of Appeals First Circuit.

April 12, 1968.

Francis E. Dooley, Jr., Boston, Mass., by appointment of the Court, for appellant.

Albert F. Cullen, Jr., Asst. U. S. Atty., with whom Paul F. Markham, U. S. Atty., was on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

The basic question raised by this appeal is whether the defendant was denied his Sixth Amendment right to a speedy trial. On June 1, 1966 he was indicted in the District of Massachusetts for knowingly transporting certain forged checks in interstate commerce and was scheduled to be arraigned on August 1, 1966. At that time he was serving a state court sentence in the Mississippi State Penitentiary where he remained confined until March 21, 1967. He was then taken into federal custody and thereafter released on bail. After his Mississippi attorney had informed the United States Attorney's office in Boston on April 17, 1967, that his client was available when wanted, defendant was arraigned on the indictment in Boston on May 22, 1967. He was tried and found guilty on November 17, 1967. On two occasions prior to trial defendant moved to dismiss the indictment for failure of the government to arraign and try him speedily despite the fact that he specifically requested this. The district court denied both motions.[1]

It is from the denial of the second motion to dismiss that defendant appeals. He does not complain of any post-arraignment delays. His complaint is that although August 1, 1966, was fixed as the date for his arraignment, he was not arraigned until May 22, 1967, nearly ten months later; that this delay was purposeful and oppressive, violated his Sixth Amendment right to a speedy trial and for that reason the district court erred in not dismissing the indictment.

As we recently held in Fleming v. United States, 378 F.2d 502, 504 (1st Cir. 1967) mere lapse of time is not enough to establish denial of a speedy trial. There we observed that a delay of eleven months was "very short" and hence not unreasonable. It is essential that defendant also show prejudice or that the delay was improperly motivated. See also Schlinsky v. United States, 379 F.2d 735, 737 (1st Cir.), cert. denied, 389 U.S. 920, 88 S.Ct. 236, 19 L.Ed.2d 265 (1967).

Defendant made no showing of prejudice by reason of the delay. He contends, however, that the delay was improperly motivated—that the arraignment was purposely delayed because he would not cooperate with the FBI in the investigation of other matters. In support of this contention defendant's counsel points to his client's testimony that in

---

[1]. Defendant's first motion, filed shortly after the arraignment, was heard and testimony taken on August 8, 1967. The district court denied this motion in a written memorandum dated September 15, 1967. At or about that time defendant's attorney learned of some new evidence bearing on the truth and falsity of testimony given at the August 8 hearing and on October 24, 1967, filed a further motion to dismiss. Both motions raised the same basic issue. On November 20, 1967, a hearing was held on the further motion to dismiss and after argument this motion was also denied.

June 1966 when he was interviewed by an FBI agent at the Mississippi State Penitentiary he requested a speedy arraignment and was informed by the agent that he would be arraigned in Boston on August 1, 1966. Defendant also testified that in a later interview (after August 1) with the same agent, relating to other matters, he asked the agent why he did not get him to court in Boston and the agent replied, "You don't help me—why should I help you."

The FBI agent testified that the only time he interviewed the defendant was on July 20, 1966, at the Mississippi State Penitentiary; that defendant made no request to him for a speedy arraignment and trial; that the date of August 1, 1966, was not mentioned and that at the time of this interview he did not know that the arraignment had been set for August 1. He further testified that he interviewed the defendant solely to ascertain whether he wished to stand trial in Massachusetts or have the case disposed of in Mississippi under Rule 20, Fed.R. Crim.P.; that defendant told him he wanted a trial and that he did not care to discuss the matter further. The agent testified that he did not have any other interview with the defendant.[2]

On the testimony of these two witnesses, their demeanor and the letter of defendant's Mississippi attorney dated April 17, 1967, which contained no indication that the defendant was interested in a speedy arraignment or trial, the court found that the defendant never made a request to any federal official for a speedy arraignment or trial and denied his motion to dismiss the indictment. Obviously the court was not impressed by the implications from defendant's testimony that the arraignment was delayed because of defendant's failure to cooperate with the FBI or the point later raised at the hearing on the second motion that apparently the FBI

agent had two interviews with the defendant even though he stated he had but one. We cannot say that the district court's findings were plainly wrong.

Affirmed.

---

**2.** At the hearing on the second motion to dismiss defendant's counsel produced copies of Mississippi State Penitentiary records indicating that this FBI agent interviewed the defendant on July 20, 1966 and again on September 21, 1966. This new evidence was the basis for the second motion.