**UNITED STATES of America, Appellee,**

v.

**Arthur DELLA ROCCA, Defendant-Appellant.**

**Nos. 129, 130, Dockets 31565, 31566.**

United States Court of Appeals
Second Circuit.

Argued Oct. 20, 1967.

Decided Jan. 19, 1968.

Judgment Vacated April 29, 1968.
See 88 S.Ct. 1443.

**526**

Jerome Lewis, New York City (Thomas R. Newman, New York City, on the brief), for appellant.

Douglas S. Liebhafsky, Asst. U. S. Atty. (Robert M. Morgenthau, U. S. Atty., for the Southern Dist. of New York and Pierre N. Leval, Asst. U. S. Atty., on the brief), for appellee.

Before WATERMAN, MOORE and HAYS, Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from a judgment of conviction entered upon a jury verdict finding appellant guilty on four counts of two indictments: (1) transferring a firearm without paying the required tax in violation of 26 U.S.C. § 5811, (2) transferring a firearm without a written order from his transferee in violation of 26 U.S.C. § 5814, (3) possessing a firearm upon which tax had not been paid in violation of 26 U.S.C. § 5851 and (4) conspiring to violate 26 U.S.C. §§ 5814 and 5821. He was given a suspended sentence of eighteen months on each count and was fined five hundred dollars on the first count. We affirm the judgment.

The government's evidence tended to show that appellant and his former employer, Nicholas Ellner, met an informer known as "Frenchy" and undercover agents McVeigh and Kales on a Manhattan street corner on the evening of December 17, 1959. Appellant told agent Kales that he could get him anything he might need including flame throwers, bazookas, submachine guns, and fighter planes. He then produced a submachine gun which was inoperable because the barrel was plugged up with a weld and offered to sell the gun to the agents for $400. The agents demurred, saying that Ellner had promised an operable gun for $200 and started to leave. Appellant stopped them and after some discussion agreed to produce an operable gun later that evening. When he did so, he was arrested.

Appellant asserts that the provisions of the National Firearms Act under which he was convicted are un-

constitutional in that they compel him to admit possession of a submachine gun, which is a felony under New York law.[1] It may be that under the Fifth Amendment a state cannot prosecute on the basis of evidence which the defendant was required by federal law to disclose. See Murphy v. Waterfront Commission, 378 U.S. 52, 79, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964). However the mere danger that a state might institute such a prosecution cannot be used to excuse compliance with federal statutes which constitute the supreme law of the land. U.S.Const. art. VI, cl. 2.

■ Appellant also argues that he was denied his Sixth Amendment right to a speedy trial. He was arrested on December 17, 1959, but was not indicted until May 16, 1961,[2] and was not tried until March 20, 1967. Although he was represented by counsel at least as early as one month after his arrest, appellant did not move for a prompt trial until April, 1966. It is conceded that none of the delay after April, 1966 is attributable to the government. Appellant may not now complain of the delay prior to that date because he failed to demand an earlier trial. See United States v. Lustman, 258 F.2d 475, 478 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958); United States v. Maxwell, 383 F.2d 437 (2d Cir. 1967) and cases cited therein at p. 441, footnote 2.

The trial court permitted the government to introduce into evidence portions of appellant's testimony given at a hearing on the suppression of the submachine gun. Appellant asserts that this ruling was error because it held in effect that by choosing to assert his Fourth Amendment rights appellant waived his Fifth Amendment right against self-incrimination. He points out that the prejudice in this case is particularly great since the judge at the suppression hearing permitted the government, over counsel's objection, to indulge in very broad cross-examination.

■ It may well be that an accused's testimony at a suppression hearing is not generally admissible against him at trial.[3] However appellant here cannot take advantage of such a rule if it exists. In the first place, the trial judge permitted the government to introduce only certain designated portions of the suppression hearing testimony. Second, almost all of the questions and answers which were introduced related to facts about which counsel in his opening statement had said appellant would testify at the trial, and appellant did so testify. Finally, no objection was raised to the single question and answer which could conceivably be held to be prejudicial to appellant. In light of the fact that counsel made successful objection to another question only one page earlier in the trial transcript, we hold that the alleged error has not been preserved for appeal. See United States v. Indiviglio, 352 F.2d 276 (2d Cir. 1965) (en banc), cert. denied, 383 U.S. 907, 86 S.Ct. 887, 15 L.Ed.2d 663 (1966).

1. The registration provision of the National Firearms Act, 26 U.S.C. § 5841, has been held unconstitutional. See Dugan v. United States, 341 F.2d 85 (7th Cir. 1965); Russell v. United States, 306 F.2d 402 (9th Cir. 1962). See also Lovelace v. United States, 357 F.2d 306 (5th Cir. 1966).
The Supreme Court, in Haynes v. United States, 372 F.2d 651 (5th Cir.), cert. granted, 388 U.S. 908, 87 S.Ct. 2130, 18 L.Ed.2d 1347 (1967), will consider this term the constitutionality of the possession section, 26 U.S.C. § 5851, where the charge is possession of a gun which has not been registered under § 5841. In the present case appellant was charged not with possession of an unregistered gun but with possession of a gun upon which the tax required by § 5821 had not been paid.

2. A second indictment, which added the conspiracy count, was filed on January 7, 1963.

3. This issue is currently before the Supreme Court in United States v. Garrett, 371 F.2d 296 (7th Cir. 1966), cert. granted sub nom. Simmons v. United States, 388 U.S. 906, 87 S.Ct. 2108, 18 L.Ed.2d 1345 (1967).

Finally, appellant argues that the trial judge should have directed his acquittal on the ground that the evidence established entrapment as a matter of law. On the contrary, there was substantial conflict in the testimony as to appellant's predisposition to commit the crime. The question was for the jury and was submitted to them under proper instructions.

Affirmed.