**UNITED STATES**

v.

**William RICHARDSON, Defendant.**

**Nos. 63 Cr. 334, 68 Cr. 335.**

United States District Court
S. D. New York.

Oct. 23, 1968.

Robert M. Morgenthau, U. S. Atty., by Sterling Johnson, Jr., Asst. U. S. Atty., New York City, for the United States.

Ernest H. Hammer, New York City, for defendant.

## MEMORANDUM OPINION

MOTLEY, District Judge.

William Richardson, the defendant in this case, was arrested on July 22, 1960, and charged with the sale of narcotics on September 4, 1959. Richardson agreed to cooperate with the Federal Bureau of Narcotics in establishing other narcotics violations, and no indictment or information was then found or filed. On April 5, 1963, an indictment was returned with respect to this arrest charging Richardson with a violation of 21 U.S.C. §§ 173, 174. The defendant pleaded not guilty to the charge on May 8, 1963. However, prosecution was deferred because Richardson's cooperation in more narcotics cases was needed. On November 17, 1964, the case was marked off the calendar. Ten days later Richardson's attorney died.

On February 29, 1968, the case was restored to the calendar. The government then filed a superseding information charging Richardson with a violation of 26 U.S.C. §§ 4701, 4703, 4704(a), 4771(a) and 7237(a) in connection with the same alleged sale in 1959. Richardson waived indictment on this charge and pleaded not guilty. The defendant obtained new counsel after the case was restored to the calendar. On April 23, 1968, defendant moved to dismiss the 1963 indictment under Rule 48(b), Fed. R.Crim.P., and the speedy trial provision of the Sixth Amendment to the Constitution.[1] The motion was argued before Judge Murphy of this court, who denied it in a decision dated July 9, 1968. After an unrelated motion, the case was set for trial on October 9, 1968.

At the beginning of the trial, defendant renewed his motion under Rule 48

---

1. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial * * *."

(b) and the Sixth Amendment. The motion was again addressed to the indictment alone. The government opposed a re-hearing of the merits of the motion, arguing that the doctrine of "law of the case" precluded re-consideration of a motion by a second judge of the same court in the same proceeding. The defendant argued that no fact-finding hearing had been held, although requested, before Judge Murphy and that new evidence justified such a hearing now before the trial court. He also argued that under recent case law the doctrine of "law of the case" leaves to the discretion of the court whether it will rehear a motion. The court has reheard the motion and dismisses the indictment.

■ The court holds it proper to have re-heard this motion on the circumstances presented. Defendant is claiming a violation of his rights under our Constitution. Such a claim is certainly worthy of the fullest possible hearing. Defendant had no fact finding hearing before Judge Murphy. Our Court of Appeals has remanded a case for hearing to this court where the issues on a claim of violation of the right of a speedy trial were not fully developed on first hearing. United States v. McIntyre, 271 F.Supp. 991 (S.D.N.Y.1967). See also Hanrahan v. United States, 121 U.S.App. D.C. 134, 348 F.2d 363 (1965), cert. denied, Tynan v. United States, 389 U.S. 845, 88 S.Ct. 95, 19 L.Ed.2d 111.

On the fact finding hearing held upon reconsideration of the motion, two witnesses testified to the extent and nature of defendant's cooperation with the government in other narcotics cases and to the suddenness and circumstances of the death of defendant's first attorney. One of these witnesses was unknown to defendant on the first hearing of the motion. These new facts are germane to the issue of waiver of defendant's right to a speedy trial, as seen below. Richardson testified that his cooperation with the government terminated in 1964, a fact not brought out on the first hearing of the motion. This fact is most important to the changed disposition of

the motion. Because of the likelihood of new facts and of old facts taking on new significance, a pre-trial motion to dismiss an indictment under Rule 48(b) and the Sixth Amendment's speedy trial provision is often denied with permission to renew it later if a better case of prejudice can be made out. United States v. Algranati, 239 F.Supp. 116 (S.D.N.Y.1965); United States v. Delman, 253 F.Supp. 383 (S.D.N.Y.1966); United States v. Gladding, 265 F.Supp. 850 (S.D.N.Y.1966); United States v. Curry, 278 F.Supp. 508, 512 (N.D.Ill. 1967).

■ This court is of the opinion that leave to renew a motion is not necessary to its renewal under the modern interpretation of "law of the case". Dictograph Products Co. v. Sonotone Corp., 230 F.2d 131 (2d Cir. 1956), appeal dismissed, 352 U.S. 883, 77 S.Ct. 104, 1 L.Ed.2d 82 (1956); Chain Locations of America, Inc. v. East Hudson Parkway Authority, 280 F.Supp. 396 (S.D.N.Y. 1967). This interpretation provides that reconsideration of a motion on its merits is a matter of discretion with the second judge, and this court would choose to exercise that discretion to rehear this motion where a full factual hearing was not had on its first hearing. The fact that this modern interpretation has been applied to date only in civil cases is of no moment. American jurisprudence favors the criminal defendant over the civil in that his burden of proof is smaller and he is presumed innocent of wrongdoing. Consequently, he should be given at least as favorable treatment as the civil party in renewing his motions, especially since his life or liberty is at stake.

However, even assuming the general applicability of the old "law of the case" theory to bar the rehearing of a motion in criminal cases, the court holds that the evidence brought forth on this factfinding hearing not heretofore brought forth precludes the application of that theory to this case and justifies a new determination of the motion on its merits. Rouse v. United States, 123 U.S.

App.D.C. 348, 359 F.2d 1014 (3rd Cir. 1966); Naples v. United States, 123 U.S. App.D.C. 292, 359 F.2d 276 (1966).

 On reconsideration of the merits, the court finds Richardson's right to a speedy trial has been violated and grants his motion to dismiss the indictment as mandated by the Sixth Amendment and Rule 48(b). An inquiry into whether a defendant's right to a speedy trial has been violated involves an inquiry into the circumstances of a particular defendant's case. Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950 (1905). Pollard v. United States, 352 U.S. 354, 361, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957). The purpose of the inquiry is defined by the nature of the guarantee. The guarantee of a speedy trial " * * * is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself." United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627 (1966). In examining the circumstances of a particular case to gauge whether a speedy trial has been denied, four factors are held to be relevant:[2] 1) the length of the delay; 2) any reasons for the delay; 3) the extent and nature of the prejudice to defendant resulting from the delay; and 4) any waiver of the right by defendant. United States ex rel. Von Cseh v. Fay, 313 F.2d 620 (2d Cir. 1963); United States v. Tortorello, 391 F.2d 587, 589 (2d Cir. 1968).

 The court finds the relevant period of delay to be four years. Testimony at the fact finding hearing revealed that Richardson's cooperation in other cases for the government was no longer needed as of the fall of 1964. Richardson's indictment was marked off the calendar on November 17, 1964, and the government then allowed four years to elapse before bringing him to trial. The court deems only these four years of delay relevant because it holds Richardson waived his right to a speedy trial from the period of his arrest until the fall of 1964 by cooperating with the government in other narcotics cases. See United States v. Algranati, supra. A period of four years is enough of a delay to satisfy the first factor relevant to the violation of a right to a speedy trial, United States v. Lustman, 258 F.2d 475 (2d Cir. 1958), although the court is careful to note that mere lapse of time does not itself establish a violation of the Sixth Amendment. United States v. Ewell, supra; Carroll v. United States, 392 F.2d 185 (1st Cir. 1968); United States v. Beard, 381 F.2d 325 (6th Cir. 1967).

 The second factor upon examination in this case also points to a violation of Richardson's right to a speedy trial. The government offered no explanation for the four-year lapse of time between the end of defendant's cooperation and his trial. There was no rebuttal to defense counsel's assertion that the indictment must have lain dormant in the back of someone's desk drawer for four years. No testimony indicates that the government needed the delay so that its agent could complete undercover work, United States v. Simmons, 338 F.2d 804 (2d Cir. 1964), cert. denied, 380 U.S. 983, 85 S.Ct. 1352, 14 L.Ed.2d 276 (1965), it could further investigate the case, United States v. Lester, 328 F.2d 971 (2d Cir. 1964), United States v. Brown, 188 F.Supp. 624 (S.D. N.Y.1960), or so it could locate a missing witness, United States v. Kaufman, 311

---

2. These four factors have been used to measure whether the delay of a trial assumes due process proportions so as to bar a State conviction under the Fourteenth Amendment. In Klopfer v. State of North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967), the Supreme Court held the speedy trial provision of the Sixth Amendment directly applicable against the States through the Fourteenth Amendment. This court is willing to assume the same four factors are to be used in measuring a violation of the Sixth Amendment.

F.2d 695 (2d Cir. 1963), United States v. Palermo, 27 F.R.D. 393 (S.D.N.Y. 1961).

The third factor takes one to the core of the Sixth Amendment's guarantee of a speedy trial. In denying the government the right to prosecute one charged with a violation of the law, a court is releasing a defendant who may well have been proven to be guilty of an offense. Such a decision can only be justified where rights guaranteed a defendant under our Constitution have been violated. A defendant certainly has not suffered the denial of a speedy trial unless he has been prejudiced by the delay in his trial.

There is authority in this circuit for the proposition that " * * * a showing of prejudice is not required when a criminal defendant is asserting a constitutional right under the Sixth Amendment." United States v. Lustman, supra, 258 F.2d at 478. Later cases have interpreted this to mean that an inordinate delay such as this might be prima facie prejudicial, United States v. Simmons, supra, or raise a rebuttable presumption of prejudice, United States v. McIntyre, supra. The government has offered nothing to rebut any prima facie case of prejudice.

At any rate, defendant has not been content to rest on inferences in his favor. He has testified to his inability to recall the circumstances of his arrest:

Q. Do you remember the events or what you were doing, what your conduct was in 1959?

A. I went back in my mind * * * I had forgotten about it, but I went back in my own mind and recollected some of the places where it happened there, and the street but other things * * * the arrest, I couldn't get them together or when the arrest took place or anything like that, but I do know I was arrested at * * * in 117th Street.

The court is aware that there is a split in the lower court decisions of this circuit as to whether a claim of loss of memory in itself may support a claim of prejudice. Compare United States v. Dillon, 183 F.Supp. 541 (S.D.N.Y.1960), with United States v. Monarch Radio & Television Corp., 162 F.Supp. 910 (S.D. N.Y.1958), and United States v. Gladding, supra.

However, the claim of loss of memory is not relied upon alone to establish Richardson's inability to defend himself. During nearly all of the four-year period defendant was without counsel. His first lawyer's death was sudden and unexpected, coming only ten days after the case was marked off the calendar in 1964. This attorney's file on the case cannot be found. Because the death was sudden, the attorney did not have occasion to advise his client that he should retain new counsel. In fact, it appears from the record that this attorney had informed his client that the case would never come to trial. Taking this into consideration, along with the facts on the record indicating that Richardson was unfamiliar with his Sixth Amendment rights and that the death closely followed removal of the case from the calendar, it would be unreasonable to suppose defendant might have retained new counsel. In addition to defendant's lapse of memory, then, no one trained in the law has kept track of the case over the years so that the arrest might have been investigated, witnesses found, and a defense prepared with a view to future trial. This defendant can hardly be expected to present a defense in his case at this late date. His present attorney, retained last spring, has had no recourse to either the facts of the arrest, other than as recorded by the government, or prior legal work in Richardson's defense. A showing of prejudice has been made, apart from any inferences which may have been raised by the delay.

The fourth factor is that of waiver of the right to a speedy trial, and it is upon this question that conflict between the parties is most pronounced. Richardson admits he has made no effort to bring on his trial at any earlier time. This circuit has adopted a "demand" rule on

waiver, United States v. Lustman, supra, which is loosely stated in many cases to be a requirement that this Sixth Amendment right be asserted or it is waived. Chapman v. United States, 376 F.2d 705, 707 (2d Cir. 1967), cert. denied, 389 U.S. 881, 88 S.Ct. 119, 19 L.Ed.2d 174 (1967); United States v. Birrell, 276 F.Supp. 798, 820 (S.D.N.Y.1967); United States v. Sanchez, 361 F.2d 824, 825 (2d Cir. 1966); United States v. Van Allen, 288 F.2d 825 (2d Cir. 1961).

■ It is well to note at this point the doctrine of the Supreme Court on waiver of constitutional rights. " 'Courts indulge every reasonable presumption against waiver' of fundamental constitutional rights and * * * 'do not presume acquiescence in the loss of fundamental rights.' " Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461, 146 A.L.R. 357 (1938). The Supreme Court in the Johnson case held that the particular facts and circumstances surrounding a case, including the background, experience, and conduct of a defendant, are relevant to a determination of waiver or the absence thereof. The test of waiver was to be whether there was "an intentional relinquishment or abandonment of a known right or privilege." Id. This doctrine has been repeatedly affirmed by our highest court. See Glasser v. United States, 315 U.S. 60, 70–71, 62 S.Ct. 457, 86 L.Ed. 680 (1942); Fay v. Noia, 372 U.S. 391, 439, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963); Brookhart v. Janis, 384 U.S. 1, 4, 86 S.Ct. 1245, 16 L.Ed.2d 314 (1964); Miranda v. State of Arizona, 384 U.S. 436, 475, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

The simplistic formulation of the "demand" rule, therefore, might seem to be in violation of these standards. It seems to presume acquiescence in a loss of the right to a speedy trial from the failure to assert such a right, and it does not allow an examination into the experience and background of a defendant. It neither requires any showing of a defendant's intent to waive his right nor demands any knowledge of this right from a defendant.

There is no reason to suppose the standards enunciated in Johnson inapplicable to the Sixth Amendment right to a speedy trial. They are promulgated in general terms, being made applicable to any fundamental constitutional right. Three of the cases cited, supra, concern other Sixth Amendment rights—the right to counsel and the right of confrontation of witnesses. That the Supreme Court intends such standards of waiver to apply to the right to a speedy trial might be inferred from the recent case of Klopfer v. State of North Carolina, 386 U.S. 213, 223, 87 S.Ct. 988, 993, 18 L.Ed.2d 1 (1967): "We hold here that the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment."

However, close examination of the cases in the circuit following the supposedly inflexible "demand" rule does yield an unarticulated soft spot which may bring this rule closer in line with the standards set by the Supreme Court.[3] A number of the cases in denying a defendant's motion to dismiss on a claim of denial of a speedy trial emphasize that the defendant was at all times represented by able counsel.[4] United States v.

3. In fact, the court of appeals has often hesitated to assert this rule rigidly, sometimes intimating that defendant may make his demand as late as the time of trial, although this would seem a subversion of the Lustman rule. United States v. Bennett, 364 F.2d 499 (2d Cir. 1966), cert. denied, 386 U.S. 917, 87 S.Ct. 876, 17 L.Ed.2d 789 (1967); United States v. Smalls, 363 F.2d 417 (2d Cir. 1966), cert. denied, 385 U.S. 1027, 87 S.Ct. 755, 17 L.Ed.2d 675 (1967); D'Ercole v. United

States, 361 F.2d 211 (2d Cir. 1966), cert. denied, 385 U.S. 995, 87 S.Ct. 610, 17 L.Ed.2d 454 (1966), rehearing denied, 385 U.S. 1032, 87 S.Ct. 758, 17 L.Ed.2d 680 (1967); United States v. Kaye, 251 F.2d 87 (2d Cir. 1958).

4. From others the inference is that defendant had counsel at all times. See United States v. Kaufman, 311 F.2d 695 (2d Cir. 1963); United States v. Maxwell, 383 F.2d 437 (2d Cir. 1967), cert. denied,

Della Rocca, 388 F.2d 525 (2d Cir. 1968), vacated and remanded on other grounds, 390 U.S. 745, 88 S.Ct. 1443, 20 L.Ed.2d 274 (1968); United States v. Santos, 372 F.2d 177 (2d Cir. 1967); United States v. Wai Lau, 329 F.2d 310 (2d Cir. 1964), cert. denied, 379 U.S. 856, 85 S.Ct. 108, 13 L.Ed.2d 59 (1964); United States v. Aadal, 280 F.Supp. 859 (S.D.N.Y.1967); United States v. McIntyre, supra; United States v. Delman, supra.

Perhaps it can be presumed that a defendant represented by counsel is aware of his Sixth Amendment right to a speedy trial and waives it in failing to assert it. However, this court need not decide whether such a presumption can be squared with the waiver doctrine of the Supreme Court, for Richardson had no counsel during the period of time under consideration. It would be a mockery of the Sixth Amendment to hold that a defendant, who is a narcotics addict and a person of no education and little means, waives his right to a speedy trial when he fails to assert it after his lawyer has died, his case has been marked off the calendar, and his lawyer just prior to his death has assured him that he will not come to trial. It is not unreasonable to assume Richardson believed this last assurance of his lawyer, since his long period of cooperation in other cases with the government could well have lulled him into acceptance of such an assurance. The court finds Richardson did not waive his right to a speedy trial.[5]

In conference immediately prior to trial, defendant stated that he would refuse to waive the statute of limitations, 26 U.S.C. § 6531, as to the charge in the information if the indictment were dismissed on his motion. Upon the granting of defendant's motion, the court requested the government to proceed on the information. The defendant raised the statute of limitations and the government conceded it to be a bar. Both the indictment and the information are therefore ordered to be dismissed.

So ordered.

---

389 U.S. 1043, 88 S.Ct. 786, 19 L.Ed.2d 835 (1968).

5. In so holding, the court notes with approval the similar disposition of a re-cent case in Massachusetts. Needel v. Scafati, 4 Cr.L. 3001 (D.Mass. Sept. 13, 1968).