**UNITED STATES of America ex rel. Paul WATTS, Petitioner,**

v.

**Warden HARRISON, of Manhattan House of Detention for Men, Respondent.**

**No. 69 Civ. 3723.**

United States District Court
S. D. New York.

Dec. 11, 1969.

**430**

Paul Watts, pro se.

Frank S. Hogan, Dist. Atty., New York County, New York City, for respondent; Louis R. Aidala, Asst. Dist. Atty., of counsel.

## MEMORANDUM

COOPER, District Judge.

■ Petitioner, Paul Watts, was indicted on May 20, 1968. On October 8, 1968 he sought to have the indictment set aside for failure by the State to prosecute and thus in violation of his Sixth Amendment right to a speedy trial. The Supreme Court, New York County, denied this request November 7, 1969. The Appellate Division, Supreme Court, First Judicial Department, affirmed that judgment on June 25, 1969.[1] Petitioner now requests that this court grant a writ of habeas corpus.

This Circuit has established four factors to apply when determining a violation of the right to a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the prejudice to the defendant, and (4) waiver by the defendant. United States ex rel. Solomon v. Mancusi, 412 F.2d 88, 90 (2d Cir. 1969).

■ For purposes of this application it is unnecessary to decide the length of delay, if any; we assume the most favorable time period to petitioner, the 16 months that have elapsed from indictment to request for the writ. Mere lapse of time does not itself establish a violation of the Sixth Amendment. United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). Further, the Second Circuit has noted that "dismissal has rarely been granted for a delay of less than several years." Solomon, supra, 412 F. 2d at 90.

■ Unlike United States v. Richardson, 291 F.Supp. 441, 444 (S.D.N.Y. 1968), where the "Government offered no explanation for the four-year lapse of time," here substantial reasons unrebutted are offered in explanation for the "delay." See State's Affidavit, October 6, 1969, pp. 2–4. This recital of facts is sufficient to establish the absence of a purposeful or oppressive violation by the State of petitioner's Sixth Amendment rights. Further, unlike *Richardson, supra,* and *Solomon, supra,* defense counsel was continuously engaged in the preparation of Watts' defense.

■ Petitioner alleges that "it is no longer likely that the trial testimony will be accurate or fair" and that "his witnesses are now reluctant to appear in court * * *." This Circuit has held that unless the delay is so substantial as to be prima facia prejudicial the petitioner must establish a particularized showing of prejudice. *Solomon, supra,*

1. While petitioner fails to state that leave to appeal to the New York Court of Appeals was denied, the issue presented can be resolved at this time.

412 F.2d at 91. Petitioner has failed to identify any witness or point to any item of evidence now unavailable by reason of the delay.

Accordingly, petitioner's application for a writ of habeas corpus is denied.