Noel **MAXWELL**, John Henry Purry and Clarence White, Petitioners,

v.

**UNITED STATES of America**, Respondent.

No. 70 Civ. 3235.

No. 61 Cr. 206.

United States District Court, S. D. New York.

Sept. 29, 1970.

Harry C. Batchelder, Jr., New York City, for petitioners; Henry Huntington Rossbacher, New York City, of counsel.

Whitney North Seymour, Jr., U. S. Atty., S. D. N. Y., for respondent; David Keegan, New York City, of counsel.

TENNEY, District Judge.

Petitioners move pursuant to 28 U.S.C. § 2255 for an order vacating their sentences and judgments of conviction, contending that the five (5) year delay between the date of their initial trial in 1961 and their subsequent trial in 1966 violated their rights to a speedy trial and to due process of law under the Fifth and Sixth Amendments to the United States Constitution.

In 1961, petitioners were indicted with Winston Massiah and four other co-defendants for alleged violations of and conspiracies to violate the federal narcotics laws. On June 14, 1961, one day after trial had commenced before the Honorable J. Skelly Wright, a mistrial was declared. On June 15, 1961, the Government, with the consent of defense counsel, successfully moved to sever petitioners and one other defendant from the trial of Massiah and the remaining three defendants before Judge Wright.

Shortly thereafter, Massiah and the other three defendants were convicted, which convictions were affirmed by the Court of Appeals as to Massiah and reversed as to the other three. United States v. Massiah, 307 F.2d 62 (2d Cir. 1962). Finally, the Supreme Court reversed Massiah's conviction and remanded the case for a new trial below. Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). In May of 1966, having pleaded guilty to one substantive count in the indictment, Massiah was sentenced.

The next month, after being apprised of the Government's intent to proceed to trial, petitioners unsuccessfully moved to dismiss the indictment on grounds substantially similar to those presented herein.

On October 17, 1966, trial commenced before this Court and, on November 1, a verdict of guilty was returned by the jury.

On appeal from the judgment of conviction entered pursuant to the jury's verdict, petitioners' counsel unsuccessfully urged the Court of Appeals to reverse the convictions and abandon its adherence to the "Lustman Rule",[1] requiring a defendant to either demand a speedy trial or else be deemed to have waived his right thereto. United States v. Maxwell, 383 F.2d 437, 441 (2d Cir. 1967), cert. denied, 389 U.S. 1057, 88 S.Ct. 809, 19 L.Ed.2d 856 (1969).

Petitioners, motivated by the Supreme Court's recent decision in Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), contend that serious doubt has been placed upon the con-

---

1. United States v. Lustman, 258 F.2d 475, 478 (2d Cir., cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958)).

stitutionality of the Second Circuit's "demand requirement".

While the arguments and authorities cited by counsel for petitioners in his Memorandum of Law in support of this motion, are persuasive, the Court feels that it would be an abdication of its judicial responsibility to attempt reversal of appellate authority on an identical issue, by giving retroactive application to recent dicta set forth by the Supreme Court.

Accordingly, and for the foregoing reasons, petitioners' motion is denied.

So ordered.