Noel MAXWELL, John Henry Purry,
Clarence White, Petitioners-
Appellants,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 429, Docket 35464.

United States Court of Appeals,
Second Circuit.

Argued Feb. 16, 1971.

Decided March 1, 1971.

Henry Huntington Rossbacher, New York City (Harry C. Batchelder, Jr., New York City, on the brief), for petitioners-appellants.

David V. Keegan, Asst. U. S. Atty., (Whitney North Seymour, Jr., U. S. Atty., S.D.N.Y., and Jack Kaplan, Asst. U. S. Atty., on the brief), for respondent-appellee.

Before LUMBARD, Chief Judge, and SMITH and FEINBERG, Circuit Judges.

PER CURIAM:

Petitioners Maxwell, Purry, and White appeal from an order, 319 F. Supp. 269, rendered on September 29, 1970, by the Honorable Charles H. Tenney, in the Southern District of New York, denying petitioners' motion pursuant to 28 U.S.C. § 2255 to vacate the judgments of conviction and sentences entered in the Southern District on November 1, 1966. Judge Tenney denied the motion on the ground that petitioners' failure to demand trial blocked their claim that the five-year delay between the initial mistrial and the subsequent trial violated their Sixth Amendment right to a speedy trial. We affirm.

Petitioners were indicted with nine other defendants in 1961 for, among other things, conspiring to import cocaine. In June 1961 petitioners went to trial before Judge Skelly Wright, but Judge Wright declared a mistrial, finding that prosecution witnesses had been so successfully threatened that they refused even to be sworn. When one of these witnesses pleaded guilty himself, the government severed petitioners with their consent and tried the remaining defendants in what became known as the *Massiah* case. After the Supreme Court reversed in 1964, Massiah v. United

States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), and Judge Weinfeld denied Massiah's motion to dismiss for want of prosecution in February 1966, Massiah pleaded guilty and was sentenced in May 1966.

One month later, the government notified petitioners that it intended to proceed to trial in the near future. Maxwell and Purry moved to dismiss the indictment on the ground of delay. Judge Herlands denied the motion without opinion in June 1966 and it was not renewed at trial. In October 1966 petitioners were found guilty in a trial before Judge Tenney and a jury. Petitioners raised the speedy-trial issue on direct appeal; and we held, citing United States v. Lustman, 258 F.2d 475 (2d Cir.), cert. denied, 358 U.S. 880, 79 S.Ct. 118, 3 L.Ed.2d 109 (1958), that since none of the petitioners had ever demanded a speedy trial, each had waived his Sixth Amendment right. Maxwell v. United States, 383 F.2d 437, 441 (2d Cir. 1967). The Supreme Court denied certiorari, 389 U.S. 1057, 88 S.Ct. 809, 19 L.Ed.2d 856 (1967).

On August 10, 1970 petitioners moved under 28 U.S.C. § 2255 for vacation of sentence on the ground of delay, claiming that the Supreme Court's decision in Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970), raised serious doubts as to the validity of our demand rule elucidated in *Lustman*. Judge Tenney was sympathetic but felt that

> it would be an abdication of * * * judicial responsibility to attempt reversal of appellate authority on an identical issue, by giving retroactive application to recent dicta set forth by the Supreme Court.

We affirm. Having passed upon petitioners' claim before, on the appeal from their convictions which we affirmed in 1967, we see no reason to decide the question again. Moreover, in several recent cases in this Circuit, decided after the Supreme Court's decision in *Dickey*, we have approved the *Lustman* rule. See United States v. Fitzpatrick, 437 F.2d 19, 27 (2d Cir. 1970); United States v. Haggett, 438 F.2d 396 (2d Cir. 1971); United States v. Smalls, 438 F.2d 711, 714 (2d Cir. 1971). Thus, we see no need at this time to disturb any of our earlier decisions on the matter of speedy trials or to reexamine them in light of *Dickey*. See also United States v. Parrott, 425 F.2d 972, 976 (2d Cir.), cert. denied, 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970); United States v. Aberson, 419 F.2d 820, 821 (2d Cir. 1970); United States v. Roberts, 408 F.2d 360, 361 (2d Cir. 1969).

Affirmed.