**William N. McLEOD, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

**No. 71–1700**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

July 23, 1971.

* ■ Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 431 F.2d 409, Part I, (5th Cir. 1970).

William N. McLeod, pro se.

John L. Briggs, U. S. Atty., Richard H. McInnis, Tampa, Fla., for respondent-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

This appeal is taken from an order of the district court denying the motion to vacate sentence by a federal prisoner pursuant to 28 U.S.C. § 2255. For the reasons expressed by District Judge Joseph P. Lieb in his opinion below, which is appended hereto in full, the judgment below is affirmed. United States v. King, 5 Cir., 431 F.2d 734; Finney v. Wainwright, 5 Cir., 434 F.2d 1001.

Affirmed.

APPENDIX

ORDER

Filed: Mar. 24, 1971
United States District Court
Middle District of Florida
Tampa Division
William N. McLeod,
                    Petitioner,
        versus No. 70–269–Civ.T.
United States of America,
                    Respondent.

This cause came on for consideration upon the filing by Petitioner, William N. McLeod, pro se, in forma pauperis, of a Motion Pursuant to Section 2255, Title 28 United States Code, attacking a sentence imposed by this Court. Thereafter, the Respondent, United States of America, was directed to and did file a Response to Petitioner's Motion.

In his motion, Petitioner's singular contention is that he was denied a speedy trial. Accordingly, a chronological review of his Federal case is in order. On March 13, 1968, the Federal Grand Jury returned a True Bill Indictment against the Petitioner and two co-defendants for violation of 18 United States Code, § 2115 (forcibly breaking into a Post Office with the intent to commit larceny therein) and approximately three weeks later, on April 5, 1968, he was arraigned and plead not guilty. On May 3, 1968, inasmuch as

Petitioner was indigent, Norman E. Crouch, Esq. was appointed as counsel and pursuant to this representation, filed several motions on May 17, 1968. A hearing was held before the Hon. Ben Krentzman and an Order was filed on June 7, 1968, disposing of Petitioner's pending motions.

Further motions in the case were scheduled July 9, 1968, and disposed of at that time. On August 30, 1968, one of the co-defendants, who previously changed his plea to guilty, was sentenced by this Court. Thereafter a trial was scheduled for the remaining defendants on February 11, 1969, but continued until April 28, 1969, and then to July 14, 1969. Upon motion of Petitioner's co-defendant, the July 14th trial date was continued and reset March 30, 1970.

On March 16, 1970, Petitioner's attorney filed a Motion to Dismiss or Quash, based on an alleged failure to grant his defendant a speedy trial. This was the first instance that Petitioner made such a demand and only seven days before the actual trial. The motion was denied and Petitioner proceeded to trial, was found and adjudicated guilty April 2, 1970, and thereafter sentenced on April 24, 1970.

■■ The law appears well settled that a mere lapse of times does not, in and of itself, establish a violation of the Sixth Amendment safeguarding the enjoyment of a speedy trial. United States v. Ewell, 383 U.S. 116, 120, 86 S. Ct. 773, 15 L.Ed.2d 627 (1966). Perhaps the most useful approach in determining whether or not this right has been denied a movant is to consider the four elements stated by the Southern District of New York in United States v. Richardson, 291 F.Supp. 441 (1968):

(a) Length of delay,

(b) Reasons for delay,

(c) Extent and nature of actual prejudice to movant resulting from the delay, and

(d) Any waiver of this right by Petitioner.

These elements will be considered in sequence. The length of delay from indictment to trial, as indicated by the factual statement, was approximately two years. This delay was predicated by the various motion hearings, the guilty plea of a co-defendant, and the actual request for a trial continuance by co-defendant Price.

Although the usual speedy trial claim involves a Petitioner who has lost his freedom over a long period of time occasioned by the delay in this case Petitioner was confined by the State of Florida pursuant to a state conviction throughout this entire period. This Court is cognizant of the fact that state incarceration does not obviate the right to a speedy trial on a Federal charge, but finds that in this instance no substantial prejudice was suffered by McLeod because of this delay.

■ Finally, as noted earlier, Petitioner did not assert his right to a speedy trial until shortly prior to his actual trial date and, as such may have waived the objection which he attempts to raise now. United States v. Evans, et al., 436 F.2d 1305 (5th Cir., January 6, 1971); United States v. Grimes, 426 F. 2d 706 (5th Cir. 1970).

The Court has otherwise fully considered Petitioner's Motion and is fully advised in the premises. It is therefore, upon consideration,

Ordered and decreed:

That Petitioner's Motion Pursuant to Section 2255, Title 28 United States Code, be, and the same is hereby, denied.

Done and ordered at Tampa, Florida, this 24th day of March, 1971.

JOSEPH P. LIEB

(Signed) JOSEPH P. LIEB
United States District Judge