Edward W. **CHAUNCEY**, Appellant,

v.

**SECOND JUDICIAL DISTRICT COURT, RENO, NEVADA**, Appellee.

No. 26936.

United States Court of Appeals, Ninth Circuit.

Dec. 23, 1971.

Edward W. Chauncey, in pro. per.

Robert List, Atty. Gen. of Nevada, Carson City, Nev., Robert E. Rose, Dist. Atty., Reno, Nev., for appellee.

Before CHAMBERS, BROWNING, and ELY, Circuit Judges.

PER CURIAM:

Chauncey is a Nevada state prisoner. The District Court denied his petition for habeas corpus without having con-

ducted an evidentiary hearing thereon. Chauncey appeals.

While serving a sentence for burglary in Arizona, Chauncey sought by various motions and letters to be brought to trial in Nevada on a pending Nevada charge of his having unlawfully escaped from prison in that state. For over three years, Chauncey unsuccessfully undertook to enforce his alleged right to a speedy trial on the Nevada charge. He finally was able to excite interest in the Nevada case by writing a letter to the Chief Justice of the Nevada Supreme Court. Before any action was taken, however, Chauncey completed his term of confinement in Arizona and was released to Nevada authorities, who returned him to prison to complete his sentence on an earlier conviction. In addition, prosecution was then commenced on the escape charge.

Chauncey, by habeas corpus proceedings, sought to bar the pending escape prosecution on the ground that his right to a speedy trial had been violated. This relief was denied by both the lower state court and the Supreme Court of Nevada, and it was also denied in a second such proceeding subsequently instituted in a lower Nevada court. Chauncey, having thus exhausted his state remedies for purposes of 28 U.S.C. § 2254, filed the petition which is the subject of this appeal.

There can be no doubt that during Chauncey's incarceration in Arizona he remained entitled to a speedy trial on the Nevada escape charge. Dickey v.

Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). Furthermore, in light of Chauncey's repeated efforts to secure a speedy trial, we cannot hold that he waived this valuable Sixth Amendment right. See Dickey v. Florida, *supra* 398 U.S. at 48–51, 90 S.Ct. at 1574–1576 (Brennan, J., concurring); Maxwell v. United States, 439 F.2d 135 (2d Cir. 1971); *cf.* Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). On the record before us, we are unable to resolve the remaining issues germane to Chauncey's basic constitutional contention. The allegations of his petition were sufficient to entitle him to an evidentiary hearing in the District Court. Chauncey has undertaken to present his legal contentions personally. In the circumstances, we think it appropriate that the District Court, upon remand, should appoint competent counsel to assist Chauncey in the prosecution of his habeas petition.

Reversed and remanded.[1]

CHAMBERS, Circuit Judge (dissenting):

I dissent. To me, Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669, is applicable.

Here we have a long series of writs and petitions which have effectively kept the State of Nevada from trying Chauncey. On one writ attempt in the state court in Nevada, Chauncey took no appeal. This was a deliberate by-pass.

1. The majority cannot accept the dissenting view that Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), is here applicable. This is not a suit for an injunction or a declaratory judgment, but a habeas corpus proceeding under 28 U.S.C. § 2241(c) (3). The record reveals that Chauncey has presented his Sixth Amendment claim in every level of the state's judicial system, and that he has been denied relief by all. It would surely be an exercise in futility to require him again to assert his claim in the Nevada courts, especially when the nature of the claimed right is examined:

"Although federal habeas corpus relief is not ordinarily available to a state prisoner before trial, the peculiar nature of the right to a speedy trial requires an exception to this rule. The detrimental consequences of delay have been repeatedly catalogued. [citations omitted] Denial of a speedy trial adversely affects both the prisoner's present circumstances and his ability to defend himself in the future. Only a present remedy can lift its dual oppressions."

Kane v. Virginia, 419 F.2d 1369, 1372 (4th Cir. 1970).

Chauncey surely could move in his criminal case in Nevada for dismissal for failure to prosecute. If denied, he could have his record on denial for future litigation.

Here, pending trial, we indulge in unjustified interference with the state. This is the thing which *Harris, supra,* disapproves.