**Edward W. CHAUNCEY, Petitioner-Appellee,**

v.

**SECOND JUDICIAL DISTRICT COURT, WASHOE COUNTY, RENO, NEVADA, and Carl Hocker, Warden, Nevada State Prison, Respondents-Appellants.**

No. 72–2538.

United States Court of Appeals, Ninth Circuit.

Feb. 26, 1973.

Chambers, Circuit Judge, concurred and filed opinion.

Robert List, Atty. Gen., Herbert F. Ahlswede, Chief Deputy, Atty. Gen., Carson City, Nev., Robert E. Rose, Dist. Atty., Kathleen M. Wall, Chief Deputy, Dist. Atty., Reno, Nev., for respondents-appellants.

Charles M. Murphy, of Adams, Reed, Bowen & Murphy, Reno, Nev., for petitioner-appellee.

Before CHAMBERS, BROWNING, and DUNIWAY, Circuit Judges.

PER CURIAM:

Chauncey is a Nevada state prisoner. Nevada has charged him with the crime of escape, and he asserts that Nevada has deprived him of his right to a speedy trial on that charge. In Chauncey v. Second Judicial District Court, 453 F.2d 389 (9th Cir. 1971), we ordered the district court to hold an evidentiary hearing on Chauncey's petition for habeas corpus. That has been done, and the district court has enjoined the state from giving any effect to the charge and detainer lodged against Chauncey.

The facts revealed in the hearing below showed that while serving a sentence for burglary in Arizona, Chauncey sought by various motions and letters to be brought to trial in Nevada on a pending Nevada charge of his having unlawfully escaped from prison in that state. Prison officials in Arizona misinformed Chauncey as to the county from which the Nevada charge emanated. Thus, Chauncey's initial demands for trial were directed to the courts and prosecutors of the wrong county and were ignored. Chauncey's subsequent communications to the Nevada State Prison Warden, the Nevada attorney general, and the Nevada Supreme Court did not come to the attention of the officials in the county where venue was laid for more than three years from the start of Chauncey's efforts to enforce his right. Before any action was taken, however, Chauncey, completed his term of confinement in Arizona and was released to Nevada authorities, who returned him to prison to complete his sentence on an earlier conviction. In addition, prosecution was then commenced on the escape charge.

The state contends that Chauncey's right to a speedy trial was not abridged because once the correct set of county officials learned of Chauncey's demands they did not engage in excessive delay in bringing Chauncey to trial. This is too cramped a view of the state's "constitutional duty to make a diligent, good-faith effort" to bring a prisoner confined in another jurisdiction to trial, Smith v. Hooey, 393 U.S. 374, 383, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). Although we are not confronted with a deliberate attempt to delay the trial in order to hamper the defense, the more neutral reason that the state ascribes to the delay here, being akin to negligence, must be weighed against the

state. Barker v. Wingo, 407 U.S. 514, 531, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Likewise, the other factors delineated in Barker v. Wingo weigh in Chauncey's favor. He has sedulously and tenaciously asserted his right, and the prejudice he has suffered is amply explained in Smith v. Hooey, *supra*.

Affirmed.

CHAMBERS, Circuit Judge (concurring):

While I adhere to my original dissent in Chauncey v. Second Judicial District Court, 453 F.2d 389 (1971), I recognize that the majority there established the law of the case. Therefore, I concur in the foregoing per curiam opinion on this second time around.