**Robert Stephen WYLIE, Petitioner,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

Civ. No. 72-1526.

United States District Court, S. D. Florida.

June 20, 1973.

Charles Musgrove, West Palm Beach, Fla., for petitioner.

Robert Cowen, Asst. State Atty., Fort Lauderdale, Fla., for respondent.

ROETTGER, District Judge.

Petitioner Wylie serving a 35-year sentence pursuant to a conviction for robbery in Broward County Court of Record, sought habeas corpus on the basis that he has been denied his constitutional right to a speedy trial and also on the basis of collateral estoppel.

Petitioner was convicted for robbery of a Mrs. Ecker in Fort Lauderdale on October 25, 1968. He was arrested in North Miami on December 5, 1968 at a Sears Department store with credit cards stolen from Mrs. Ecker. Petitioner has been incarcerated ever since that time. A detainer was lodged by the Broward County authorities two or three days after his arrest and confinement in adjoining Dade County.

His counsel for the Dade County case did not represent him in Broward County other than to obtain the setting of a bond of $5,000, but petitioner was unable to post bond either in Dade County or in Broward.

Petitioner awaited trial for eleven months in the Dade County jail with no action being taken by the State authorities to prosecute him in Dade or Broward County until November, 1969, when he was tried and convicted on several counts in Dade County and sentenced to three years on each count, sentences to run concurrently. The State did make one abortive effort to have him arraigned in Broward County in June, 1969, and an order was entered compelling him to be returned to Broward County for arraignment, appointment of counsel and trial, but typical of the procedures in this case, it recited that the petitioner was in the custody of the United States Marshal rather than the Dade County authorities and nothing happened pursuant to the order. The State conceded at the hearing that they knew of no reason why the United States Marshal would have had custody of the petitioner. Nor is there any evidence that his failure to appear stimulated any action by the State to determine why.

Although the State was doing nothing to bring petitioner to trial, petitioner was very active. He mailed a letter dat-

ed January 12, 1969 to the Broward County State Attorney requesting a speedy trial. He sent a letter dated April 12, 1969 marked "Second Demand for a Speedy Trial" and a third one on July 12, 1969 again requesting a speedy trial and stating more than once that it was the third demand for a speedy trial. Each letter was mailed on a weekend by giving it to the deputy or prison authority who accepted letters for mailing from the jail inmates. Each one of them was mailed in order to comply with the requirement of Florida Statute section 915.01(1), F.S.A., in effect at that time, which provided that pursuant to an accused's demand for a speedy trial, he must be tried at or before the third term after the date he is first committed or be "forever discharged from the crime." It would be easy to become confused in determining the beginning of the terms of court for the Broward County Court of Record [1] but the "jailhouse law" petitioner claims he followed was correct as the terms began on January 13, April 14 and July 14 in 1969.

At that point in time, Dade and Broward counties had different organizational hierarchies for the prosecution of felonies. In Dade County the State Attorney's Office handled all felony prosecutions while in Broward County the State Attorney's Office handled only capital cases and the County Solicitor's office handled other felonies.

In a hearing before the State trial court, the State Attorney's Office in Broward County, the County Solicitor's office, the clerk of the court, and the court all denied either receiving the letters or being aware of what had happened to them.

Based upon the testimony of the petitioner, especially in view of the letters' relation to the beginning of the terms of court in Broward County, this court finds that petitioner did all he could reasonably be expected to do to make the request for speedy trial. The court takes judicial notice of the fact that the confusing dissimilarities between the prosecuting arms of the State in Dade and Broward Counties have since been eliminated. Further, it was natural that the petitioner would address his letters to the State Attorney's Office in Broward County since he was being prosecuted by the State Attorney's Office in Dade County where he was in custody.

Although only 29 years of age, petitioner had some expertise in the constitutional right to a speedy trial. He testified that while incarcerated in the federal institution in El Reno, Oklahoma, he was wanted by authorities in two Texas counties and made request for speedy trials in both. One finally responded and discharged him for its failure to try him speedily; the other never responded—as here—and he eventually was successful in a petition for writ of habeas corpus.

Petitioner was arraigned in Broward County in April, 1970 and the case was set for trial in June and then continued, not at the instance of the petitioner, until September, 1970. He raised before the trial court the matter of witnesses that he could not locate and claimed he had been denied a speedy trial. The Public Defender's office, which was representing the petitioner, used its investigator in an attempt to locate the missing witnesses and subpoenas had been issued for their appearance. The petitioner now claims a defense of alibi and he asserts that these persons would have testified as to his whereabouts on the day of the alleged robbery. In fairness to the trial court, petitioner did not spell out with clarity his reasons for needing the attendance of the witnesses.

Petitioner was convicted on September 28, 1970 and sentenced to 35 years in prison. He appealed to the Court of Appeal for the Fourth District of Florida and for the first time raised the issue of collateral estoppel. The conviction was affirmed without opinion. Wylie v. State, 259 So.2d 523 (Fla.App.1972).

---

1. Compare § 32.03, F.S.A. (text and supplement) with page 59 of that same volume (1961 ed.).

Petitioner sought a writ of certiorari in the Supreme Court of Florida, which petition was denied for lack of jurisdiction, three justices dissenting. Wylie v. State, 263 So.2d 828 (Fla.1972). Petitioner then filed his petition in the federal court seeking habeas corpus and this court set the matter down for an evidentiary hearing.

The court must take notice that subsequent to petitioner's conviction certain procedural changes were happening in Florida as the result of Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed. 2d 26 (1970). Following the *Dickey* decision the Florida Legislature on February 2, 1971, met in Special Session, repealed Florida Statute sections 915.01 and 915.02, reaffirmed the right of both the state and the defendant to a speedy trial, and directed the Supreme Court of Florida to issue a rule which would fully implement the right. *See* Fla.Stat. § 918.015, F.S.A. On February 24, 1971, the Supreme Court of Florida promulgated the rule set forth as Florida Rules of Criminal Procedure 3.191, 33 F.S.A. In re Florida Rules of Criminal Procedure, 245 So.2d 33 (Fla.1971). Under the terms of the present rule, 3.191(a) (1), petitioner would have the right to be tried within six months or be discharged even if no demand was made. If a demand was made, as here, he would have to be tried within sixty days or be discharged. Rule 3.191(a)(2).

## CONCLUSIONS OF LAW

■ The Supreme Court has delineated a balancing test to weigh the conduct of the state and the accused in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), which sets forth four main tests. The evidence in the instant case is evaluated as to each test.

1. *Length of the delay.* The almost two-year gap from indictment to trial is sufficient to require consideration of petitioner's claim. Arrant v. Wainwright, 468 F.2d 677 (5th Cir. 1972).

2. *Reasons asserted for the delay.* The court concludes—and the State has offered no evidence to the contrary— that the delay resulted solely from inadvertence and negligence on the part of the State. Petitioner had made no motions for continuance to delay this trial.

■ 3. *Defendant's assertion of the right.* Although the State has denied receiving the letters of petitioner, this court has found that petitioner did mail the letters and concludes he had done all that was necessary for him to do to assert the right to a speedy trial. The fact that the letters were addressed to the wrong office of the state prosecutorial apparatus does not vitiate petitioner's claim. *See* Chauncey v. Second Jud. Dist. Ct., Washoe Cty., Reno, Nev., 474 F.2d 1238 (9th Cir. 1973), in which the petitioner directed his demands for speedy trial to the wrong county in Nevada because prison officials in Arizona had misinformed him as to the county from which the Nevada charge emanated. Nevada contended his right to a speedy trial was not abridged because once the correct set of county officials learned of his demands they did not engage in delay in bringing him to trial. The Ninth Circuit rejected the State's contention and petitioner, in the instant case, is on considerably stronger footing.

4. *Prejudice from the delay.* Barker lists three sub-categories of prejudice against a defendant which could arise from the denial of a speedy trial; (1) oppressive pretrial incarceration; (2) anxiety and concern of the accused; (3) impairment of the defense. This case contains a particularly oppressive period of incarceration in that petitioner was awaiting trial for eleven months before he was confined pursuant to a sentence of conviction in Dade County. This inexcusable period of incarceration distinguishes petitioner's plight from that in Arrant v. Wainwright, *supra*, where the petitioner was released almost immediately on bond, or in the numerous cases in the Fifth Circuit where the petitioner claimed prejudice while he was incarcerated pursuant to a conviction for

 

another crime or in another jurisdiction.[1]

The problem of anxiety and concern of the accused is rather subjective and difficult to measure. In view of the petitioner's fairly extensive background in penal institutions, it may have been less than for most individuals. It has minimal value as a factor in this case.

Finally, the impairment of the defense as a result of the delay was devastating according to the uncontradicted testimony of the petitioner. He had planned to call his ex-wife because they were at the office of one Larry Brill in Miami Beach on the morning of the alleged robbery and to call two other witnesses who were with him during the afternoon of the day of the robbery. In addition, there was an additional witness as to his whereabouts on that day and he was unable to locate any of these witnesses at the time of the trial in September, 1970. Further, he has no idea of their whereabouts at this time.

The court concludes that petitioner has more than satisfied all of the four factors set forth in *Barker* and that he has been denied his constitutional right to a speedy trial.

The court does not reach petitioner's claim that the conviction for possession of stolen goods in Dade County collaterally estops his conviction for robbery of the same property under the authority of Ashe v. Swenson, 397 U.S. 436, 90 S. Ct. 1189, 25 L.Ed.2d 469 (1970). It would have required a continuance of the evidentiary hearing in order to obtain material that the court needed to enter a ruling on this contention and in view of the court's ruling on the issue of speedy trial, it is not necessary to make a determination of this issue.

These findings of fact and conclusions of law supplement the findings of the court announced at the conclusion of the evidentiary hearing at which time the writ of habeas corpus was issued and the petitioner was immediately released from custody.

---

1. McLeod v. United States, 455 F.2d 933 (5th Cir. 1971); Hoskins v. Wainwright, 440 F.2d 69 (5th Cir. 1971); Finney v. Wainwright, 434 F.2d 1001 (5th Cir. 1970), cert. denied, 401 U.S. 962, 91 S.Ct. 967, 28 L.Ed.2d 245 (1971); and United States v. King, 431 F.2d 734 (5th Cir. 1970).