**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SYLVESTER OWINO, Sylvester
Otieno-Owino,
       *Petitioner-Appellant,*

v.

JANET NAPOLITANO,* Secretary of
the Department of Homeland
Security; ERIC H. HOLDER Jr.,
Attorney General, Attorney
General; ROBIN BAKER, Director of
San Diego Field Office U.S.
Immigration and Customs
Enforcement; JOHN A. GARZON
Officer-In-Charge,
       *Respondents-Appellees.*

No. 08-56392

D.C. No.
3:07-cv-02267-
WQH-POR

OPINION

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted
June 23, 2009—Seattle, Washington

Filed August 4, 2009

Before: Betty B. Fletcher, Raymond C. Fisher and
Ronald M. Gould, Circuit Judges.

Per Curiam Opinion

---

*Janet Napolitano is substituted for her predecessor, Michael Chertoff,
as Secretary of the Department of Homeland Security, pursuant to Fed. R.
App. P. 43(c)(2).

10637

## COUNSEL

James Fife, Federal Defenders of San Diego, Inc., San Diego, California, for the petitioner-appellant.

Karen P. Hewitt, United States Attorney; Tom Stahl, Assistant United States Attorney, Chief, Civil Division; Samuel W. Bettwy (argued), Assistant United States Attorney, San Diego, California, for the respondent-appellees.

## OPINION

PER CURIAM:

Sylvester Owino, a native and citizen of Kenya, has been civilly detained by the Department of Homeland Security

("DHS") since November 7, 2005, during which time Owino has been challenging the government's efforts to remove him from the United States. Owino appeals the district court's denial of his habeas petition under 28 U.S.C. § 2241. He argues that his continuing detention has become illegal under *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001), because there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," such that no civil detention statute can constitutionally authorize his detention. The district court disagreed. We have jurisdiction under 28 U.S.C. §§ 1291, 2241(a), and we reverse and remand.

In a separate appeal, filed concurrently herewith, *Owino v. Holder*, 06-74297, we have reviewed the Board of Immigration Appeals' ("BIA") final order of removal and more fully set forth the factual and procedural background of Owino's immigration law claims. In that related case, we have remanded Owino's claim for deferral of removal under the Convention Against Torture ("CAT") to the IJ on an open record, and that disposition bears significantly on our disposition of Owino's appeal in this case. Now that Owino is "[a]n alien whose case is being adjudicated before the agency for a second time — *after* having fought his case in this court," *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 948 (9th Cir. 2008), his case is squarely governed by the rule of *Casas-Castrillon*. Thus, whether Owino's continued detention complies with *Zadvydas* depends on whether he "faces a significant likelihood of removal to [Kenya] once his judicial and administrative review process is complete." *Casas-Castrillon*, 535 F.3d at 948. We remand in this case so the district court can make that determination in the first instance. If the district court determines that Owino's detention is authorized, *Casas-Castrillon* also governs Owino's entitlement to a bond hearing. *See id.* at 951-52. Finally, because the record is insufficient to decide whether Owino's detention is authorized by statute, the district court must hold an evidentiary hearing and appoint counsel. *See Chauncey v. Second*

*Judicial Dist. Ct.*, 453 F.2d 389, 390 (9th Cir. 1971) (per curiam).

## I.   BACKGROUND

DHS began detaining Owino at the end of his three-year prison sentence for second degree robbery. DHS then began removal proceedings based on the robbery conviction, and Owino sought relief from removal under several theories. An immigration judge ("IJ") denied Owino's requests for relief and ordered him removed. The BIA dismissed Owino's appeal of that decision on August 2, 2006, leaving him subject to a final order of removal. Owino then filed a petition for review of the BIA's decision in this court. As noted above, we have now resolved that appeal in the related case, *Owino v. Holder*, 06-74297.

Owino requested a stay of removal from this court when he filed his petition for review in the related case. Although we denied Owino's request, thereby clearing the way for Owino's removal, DHS's efforts to remove Owino have so far been unsuccessful. The government attributes DHS's inability to remove Owino to his refusal to cooperate. Shortly after the BIA dismissed Owino's appeal in August 2006, an Immigration and Customs Enforcement ("ICE") officer presented Owino with travel forms so he could apply for permission to return to Kenya. Owino refused to sign the forms, in the mistaken belief that by signing them he would abandon any appeal of the BIA's decision. He contends that he eventually signed the appropriate travel forms once he learned through his counsel that cooperation with removal efforts would not abandon his appeal, but that ICE ignored his attempts to cooperate.

Owino filed his habeas petition in this case after 25 months of detention, alleging that his civil confinement had become unauthorized by statute under *Zadvydas*, 533 U.S. at 699-701, and requesting either release or a bond hearing. While

Owino's habeas petition was pending, the government filed a declaration from Deportation Officer Eliana Hayes. Hayes stated that she spoke to an officer at the Kenyan consulate about Owino's case. According to Hayes, the consulate first said that Kenya would not accept Owino "until there are no longer any appeals pending," but one day later changed course and advised that "Owino need only tell the consulate that he would like to return home and they would issue him a travel document regardless of what is pending." Owino nonetheless refuses to tell the consulate he would like to return to Kenya, because he says it would be a lie.

The district court denied Owino's habeas petition on the parties' filings without holding an evidentiary hearing. The court found that Owino's continued detention was authorized by 8 U.S.C. § 1231(a)(1)(C), which applies to aliens under a final order of removal who "fail[ ] or refuse[ ] to make timely application in good faith for travel or other documents necessary to the alien's departure." *Id.* The district court found that (a)(1)(C) applied because Owino initially refused to sign travel forms and later refused to express his willingness to repatriate, as the Kenyan consulate required. In addressing Owino's argument that his detention was invalid under *Zadvydas*, the district court applied our decision in *Lema v. INS*, 341 F.3d 853, 857 (9th Cir. 2003). Under *Lema*, an alien who has not cooperated with removal efforts and therefore falls under subsection (a)(1)(C) also cannot meet his burden to "show there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 857; *see also Zadvydas*, 533 U.S. at 701.

## II.   REMAND

**[1]** Owino challenges the district court's application of 8 U.S.C. § 1231(a)(1)(C) and *Lema* to his detention. We need not decide whether the district court properly found Owino's detention authorized by § 1231, because in Owino's related appeal we have granted his petition for review and remanded

his CAT claim for further proceedings before the agency.[1] The district court applied the § 1231 framework because Owino was then under a final order of removal. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1059-60 & n.5 (9th Cir. 2008) (explaining that an alien's detention falls under § 1231 beginning when the court of appeals denies him a stay of removal). Now, however, while administrative proceedings are pending on remand, Owino will not be subject to a *final* order of removal, so § 1231 cannot apply. *See Casas-Castrillon*, 535 F.3d at 947; Prieto-Romero, 534 F.3d at 1060. Instead, Owino is "[a]n alien whose case is being adjudicated before the agency for a second time — *after* having fought his case in this court." *Casas-Castrillon*, 535 F.3d at 948. We held in *Casas-Castrillon* that detention of an alien in this posture falls under 8 U.S.C. § 1226(a), which applies to detention "pending a decision on whether the alien is to be removed from the United States." *See id.* at 947-48.

**[2]** We remand to the district court so it may decide in the first instance whether Owino's detention is authorized by 8 U.S.C. § 1226(a). As in *Casas-Castrillon*, the district court must decide whether Owino "faces a significant likelihood of removal to [Kenya] once his judicial and administrative review process is complete." *Id.* at 948.[2] If, under the *Casas-*

---

[1] Owino argues that § 1231(a)(1)(C) does not apply, in part because he has made good faith efforts to seek asylum in third countries. Owino claims deportation officers have impeded his efforts by denying his requests for assistance in replacing his lost passport. We do not reach the merits of Owino's § 1231 argument. We do note, however, that the government at oral argument expressed its willingness to assist Owino in this regard, and we restate our view that to the extent informal resolution of Owino's request for assistance is possible, the parties should not delay in making efforts to replace Owino's passport.

[2] Having disposed of Owino's petition under § 1231(a)(1)(C) and our cases applying that subsection, the district court had no occasion to decide whether Owino faces a significant likelihood of removal once his judicial and administrative review process is complete. We decline to make that determination in the first instance, and we express no view about the merits of Owino's habeas petition under *Casas-Castrillon.*

*Castrillon* standard, Owino can show that he is not significantly likely to be removed, "the court should hold continued detention unreasonable and no longer authorized by statute" and grant the writ. *Zadvydas*, 533 U.S. at 699-700.[3] If, however, the district court determines that Owino's continuing detention is authorized, then under *Casas-Castrillon*'s holding with respect to constitutionally required bond hearings, the court must "grant the writ unless, within 60 days, the government provides [Owino] with 'a hearing . . . before an Immigration Judge with the power to grant him bail unless the government establishes that he is a flight risk or will be a danger to the community.' " *Casas-Castrillon*, 535 F.3d at 952 (quoting *Tijani v. Willis*, 430 F.3d 1241, 1242 (9th Cir. 2005)).

## III.  EVIDENTIARY HEARING AND APPOINTMENT OF COUNSEL

[3] The parties have already proffered some arguments relevant to whether Owino faces a significant likelihood of removal once his administrative and judicial review process is complete. The government relies on the Hayes declaration to show Owino can be removed at the completion of administrative and judicial review, whereas Owino disputes whether his removal will be possible, and argues that the Hayes declaration only illustrates the Kenyan consulate's shifting and unpredictable official position about the prerequisites of returning to Kenya. We hold that, under these circumstances, the question of whether Owino faces a significant likelihood of removal cannot be resolved without an evidentiary hearing. *See Chauncey*, 453 F.2d at 390 (remanding § 2241 petition for evidentiary hearing because record on appeal insufficient to decide whether to grant the writ); *cf. Blackledge v. Allison*,

---

[3]If Owino prevails on remand under the *Casas-Castrillon* standard, his detention will no longer be authorized by 8 U.S.C. § 1226(a). We are not presented here with any other statutory section pertaining to civil detention, so we express no opinion regarding whether Owino's detention might be covered by another statute.

431 U.S. 63, 82 n.25 (1977) (noting that, in the context of a § 2254 petition, "[w]hen the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful" (quotation marks omitted)). On remand, the district court may accept evidence other than the Hayes declaration relevant to whether Owino is entitled to habeas relief. *Cf. Casas-Castrillon*, 535 F.3d at 949 (noting that the lack of a repatriation agreement or an administrative finding that the alien is entitled to relief from removal are relevant).

**[4]** Given that Owino has been civilly detained since November 2005, we urge the district court to expedite the hearing. The district court shall also appoint counsel because "[t]he rules governing habeas proceedings mandate the appointment of counsel if necessary for the effective utilization of discovery procedures, or if an evidentiary hearing is required." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (citation omitted).

**REVERSED AND REMANDED.**