FILED

NOT FOR PUBLICATION

JUL 07 2010

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SYLVESTER OWINO, AKA Sylvester Otieno-Owino, | No. 09-56975 |
| Petitioner - Appellant, | D.C. No. 3:07-cv-02267-WQH-POR |
| v. | |
| JANET NAPOLITANO, Secretary of the Department of Homeland Security; ERIC H. HOLDER, Jr., Attorney General; ROBIN BAKER, Director of San Diego Field Office, U.S. Immigration and Customs Enforcement; JOHN A. GARZON, Officer-In-Charge, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Argued and Submitted June 3, 2010
Pasadena, California

Before: B. FLETCHER, FISHER and GOULD, Circuit Judges.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Sylvester Owino appeals the denial of his petition for a writ of habeas corpus demanding release from immigration detention. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

The district court properly carried out the mandate set out in *Owino v. Napolitano* by holding an evidentiary hearing concerning whether Owino "'faces a significant likelihood of removal to [Kenya] once his judicial and administrative review process is complete.'" 575 F.3d 952, 955 (9th Cir. 2009) (per curiam) (alteration in original) (quoting *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 948 (9th Cir. 2008)). *Owino v. Napolitano* did not require the district court to assess whether Owino is likely to succeed on the merits of his claim under the Convention Against Torture ("CAT"), because "the government retains an interest in 'assuring [Owino's] presence at removal'" so long as "there is nothing, such as a lack of repatriation agreement with his home country or a finding that he merits mandatory relief from removal" that prevents Owino's removal to Kenya "if he ultimately fails in fighting the government's charge of removability." *Casas-Castrillon*, 535 F.3d at 949 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 699 (2001)).

The district court also did not err by finding that Owino failed to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Kenya's refusal to

2

provide travel documents without Owino's consent while immigration proceedings remain pending is not evidence that Kenya will prove intransigent should Owino fail to establish entitlement to CAT relief and become subject to a final order of removal. Nor is a deportation officer's testimony that half of the Kenyan cases she handled in her first year were resolved through removal sufficient to meet Owino's burden. Showing only the proportion of unresolved cases in a given period, rather than the length of the removal process, proves nothing about the likelihood that Owino will be removed in the "reasonably foreseeable future" after his immigration proceedings have concluded.

Even if we assume that Owino met his prima facie burden, the district court did not err by finding in the alternative that the government effectively rebutted Owino's case. Government witnesses explained that the Kenyan government's present rationale for refusing to provide travel documents would no longer apply once immigration proceedings had concluded. One official specifically testified that in the last year Kenya had only refused a single deportee, on the ground that the individual was not a Kenyan citizen.

Owino's habeas petition is therefore denied without prejudice to his filing a subsequent petition should circumstances warrant. *Cf., e.g.*, *Nadarajah v. Gonzales*, 443 F.3d 1069 (9th Cir. 2006) (granting *Zadvydas* claim once alien

3

prevailed in administrative proceedings); *Thai v. Ashcroft*, 366 F.3d 790 (9th Cir. 2004) (granting *Zadvydas* claim based on lack of a repatriation agreement with alien's native country).

**AFFIRMED.**