**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MOHAMMAD NADEEM,

               Petitioner - Appellant,

   v.

PHILLIP CRAWFORD, Field Office
Director, Immigration & Customs
Enforcement,

               Respondent - Appellee.

No. 08-16218

D.C. No. 2:07-CV-00145-FJM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Frederick J. Martone, District Judge, Presiding

Submitted December 19, 2011[**]

Before:     GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

   Mohammad Nadeem appeals from the district court's decision denying his

petition for habeas corpus under 28 U.S.C. § 2441. We have jurisdiction under

28 U.S.C. § 2253(a). We review de novo the district court's denial of a petition for

---

    [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

habeas corpus, *Pelich v. INS*, 329 F.3d 1057, 1058 (9th Cir. 2004), and we vacate and remand.

Nadeem's release subject to an order of supervision does not render his habeas petition moot where his release may be revoked at any time in the exercise of discretion, *see* 8 C.F.R. § 241.4(l)(2)(i), and is contingent on electronic monitoring, scheduled and unscheduled meetings with a detention officer, and a curfew. *See Rodriguez v. Hayes*, 591 F.3d 1105, 1117-18 (9th Cir. 2010).

The district court determined that Nadeem's continued detention was authorized by 8 U.S.C. § 1231(a)(1)(C). However, the district court did not have the benefit of our recent decision in *Owino v. Napolitano*, 575 F.3d 952, 955 (9th Cir. 2009), requiring an evidentiary hearing where there is a factual dispute regarding the likelihood an alien will be removed. We therefore vacate the district judge's order and remand for an evidentiary hearing regarding whether Nadeem fully and honestly cooperated with the government's efforts to secure his travel documents from the Pakistani and South African governments.

We grant the government's motion to expand the record.

In light of our disposition, we need not reach Nadeem's remaining contention regarding the violation of international law.

**VACATED AND REMANDED.**

08-16218